# OWENS v. STATE.

No. A-11227.   Dec. 20, 1950.

(225 P. 2d 812.)

Charles Sims, Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Jackie Owens, was charged by an information filed in the district court of Payne county with the crime of assault and battery by means of a deadly weapon with intent to kill; was tried to a jury who returned a verdict of guilty of the included offense of assault with a dangerous weapon with intent to do bodily harm, but the punishment to be assessed was left to the discretion of the court.   Thereafter the defendant was sentenced to serve three years' imprisonment in the penitentiary, and has appealed.

Three propositions are presented in the brief of defendant:  First, the trial court erred in failing to instruct the jury upon the law of self-defense.   Second, the

trial court committed error in its instruction No. 9. Third, trial court erred in allowing the bloody clothes of the prosecuting witness to be exhibited to the jury.

The first two propositions will be considered together. The evidence of the state showed that the defendant had come from Drumright to Cushing on the night of March 4, 1948, to attend a dance. The alleged assault occurred in the men's rest room at the dance hall. The evidence showed that the defendant had been drinking intoxicating liquor on the night in question and had had some difficulty with his companions, one of whom was slightly cut on the hand by the defendant.

The prosecuting witness, Wilbur Harmon, age 22, testified that he went to the men's washroom and when he got inside, the defendant and one Ronald Kirby were having an argument; that Kirby was considerably larger than the defendant and he (Harmon) told the defendant, "kid you're getting ready to get hell knocked out of you"; that defendant turned and asked him if he wanted some of it and Harmon said, "yes". A fight started and the defendant cut Harmon on his left arm and on many other places on his body, some of which wounds were serious and required several stitches to close.

The sheriff of Payne county testified that the defendant stated at the police station the next morning after the alleged assault that he had been drinking heavily and had lost his head and cut Harmon.

The defendant did not testify and offered only two witnesses, neither of whom knew anything about the difficulty. One of the witnesses was his mother who testified that the defendant was 17 years of age at the time of the occurrence. The other was the lady who operated

the pop stand at the dance hall who testified that Wilbur Harmon was drunk.

This court has held that in a prosecution for assault with intent to kill, where the evidence tends to show justification in self-defense, it is the duty of the court, whether requested or not, to submit instructions covering the law of the case, and, where that has not been done, this court on appeal will reverse the judgment. Nelson v. State, 34 Okla. Cr. 187, 245 P. 1009; Daniel v. State, 67 Okla. Cr. 174, 93 P. 2d 47. However, it is equally well settled that where there is no evidence to show justification in self-defense it is not necessary for the court to give such an instruction. Smith v. State, 22 Okla. Cr. 383, 212 P. 1012; Fabry v. State, 23 Okla. Cr. 215, 213 P. 910; Gaddy v. State, 81 Okla. Cr. 236, 162 P. 2d 787.

The evidence in Gaddy v. State, supra, is comparable to that in the instant case. The law of that case as stated in the syllabus is as follows:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict. If counsel for defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce them to writing, submit them to the trial judge, and request that they be given. If they fail to do this, a conviction will not be reversed unless the court is of the opinion, in the light of the entire record and instructions of the court, that by the failure of the trial court to instruct the jury upon some material question of law, the defendant has been deprived of his substantial rights.

"The defendant has a right to have a clear and affirmative instruction given to the jury applicable to his testimony, based upon a hypothesis that it is true, when such testimony affects a material issue in the case.

\* \* \* \* \* \*

"It is not necessary for the court to instruct the jury on the law of self-defense where none of the evidence raises that issue."

The defendant herein did not testify and offered no evidence that he was acting in his own self-defense at the time he cut the prosecuting witness. The most favorable thing for the defense that can be said for the testimony of the witness Harmon was that the altercation between him and defendant was a voluntary engagement into which they each mutually entered but out of which scrape the stabbing of Harmon occurred. We do not believe that there is sufficient evidence to warrant the court especially in the absence of a request to submit the issue of self-defense.

A more serious question is presented in connection with the contention of counsel that the court commented upon the evidence in its instruction No. 9 which reads as follows:

"You are further instructed that in connection with Instruction No. 5 defining assault with a dangerous weapon with intent to do bodily harm, that the term 'without justifiable or excusable cause' is used. You are told that such a felonious assault is, under the law, justifiable under certain circumstances and is likewise excusable under certain circumstances, but under the evidence in this case no circumstances or proof are present in this case which would justify the definition of either of these terms."

This prosecution is instituted under provisions of 21 O.S. 1941 § 645 which provides:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, * * * with intent to injure any person, although without intent to kill such person or to

commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

In Reed v. State, 2 Okla. Cr. 589, 103 P. 1042, 1043, which was a homicide case, this court stated:

"The plea of justification protects only those who are without fault. Under these facts it was proper for the court to instruct the jury that under the evidence in the case there was no element of excusable or justifiable homicide. Such an instruction was a declaration of the law, and not an invasion of the province of the jury to determine the facts. The law of justifiable homicide in self-defense was not relevant to any hypothesis arising out of the evidence in the case."

In the case of Musgraves v. State, 48 Okla. Cr. 418, 292 P. 376, it is held:

"That part of instruction No. 3 wherein the court told the jury 'that there is no evidence in this case showing, or tending to show that the homicide in this case was excusable, and that degree of homicide will not be defined to you, further than to say it is certain kinds of accidental killings,' did not amount to a comment on the weight of the evidence and was not prejudicial to the rights of the defendant."

We have come to the conclusion that the court correctly stated the law in instruction No. 9. There was no evidence that required the court to define the circumstances under which the assault would be justifiable or excusable. It would seem from the record herein that the defendant recognized his guilt of the crime charged against him, but rather than plead guilty, he preferred to submit the facts to a jury and allow them to fix the punishment rather than to enter a plea of guilty and allow the punishment to be determined by the court. Certainly, if there were no facts showing that the attack

by the accused was justifiable or excusable, then the court would not be required to define those terms as used in the statute.

As to the third proposition, that the trial court erred in permitting the bloody clothes of the complaining witness to be exhibited to the jury, the law seems to be established that in assault cases the clothing worn by the victim at the time of the assault may be introduced for the purpose of showing the location of the wounds and to demonstrate how the cuts or holes in the clothes correspond with the wounds inflicted on the body. Jones. v. State, 17 Okla. Cr. 561, 190 P. 887; Dobbs v. State, 39 Okla. Cr. 368, 265 P. 661. However in Martin v. State, 67 Okla. Cr. 390, 94 P. 2d 270, this court held that the bloody clothing worn by the victim of the assault should not be admitted in evidence where there was no doubt as to the location of the wounds and the admission of such evidence could only have the effect of causing passion and prejudice to arise in the minds of the jury. We think that there was no issue before the jury which justified the admission of the bloody clothing in evidence and if the jury had fixed the punishment of the accused it might have required this court because of the admission of these articles of clothing to have reduced the punishment fixed by the jury on the ground that the display of the bloody clothing caused passion and prejudice to be created against the accused. However, here the guilt of the defendant is conclusive, the jury did not fix the punishment but merely found the accused guilty and left the punishment to be fixed by the court. Under such circumstances, we do not feel that the admission of these clothes of the prosecuting witness constituted reversible error.

We have come to the conclusion, after considering all the facts of the case and especially the youthfulness

of the accused, that the punishment assessed by the court was excessive and should be reduced from three years imprisonment in the penitentiary to a term of 18 months imprisonment in the penitentiary.

It is therefore ordered that the judgment and sentence of the district court of Payne county be modified from three years imprisonment in the penitentiary to a term of 18 months imprisonment in the penitentiary, and the judgment and sentence as thus modified is affirmed.

BRETT and POWELL, JJ., concur.