Arvel Wane MAXWELL, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12940.

Court of Criminal Appeals of Oklahoma.

March 29, 1961.

Thomas Dee Frasier, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Arvel Wane Maxwell, plaintiff in error herein, defendant below. He was charged in the district court of Tulsa County, Oklahoma by information with the crime of manslaughter in the first degree in the careless and reckless operation of his automobile on a public highway, running a stop sign, resulting in the felonious death of Inez May Kennedy, the occupant of a Ford pick-up truck. He was tried by a jury, convicted, and his punishment fixed at four years in the penitentiary. Judgment and sentence was entered accordingly, from which this appeal was perfected.

Briefly the facts were as follows: The decedent, Inez May Kennedy, at about 6:30 a. m. on October 28, 1959 was proceeding south on Cincinnati Street, in Tulsa, Tulsa County, Oklahoma, a through street. She entered Thirty-sixth Street, running east and west. At said point Thirty-sixth Street was not a through street, but traffic flow thereon on both the east and west sides of Cincinnati Street was checked by stop signs. On the east side of the intersection the stop sign was approximately fifty feet east of the entrance into the intersection. One-tenth of a mile east of this stop sign there was another sign that said, "Stop Ahead".

The evidence showed that there was a collision at the center of the intersection between the defendant's automobile, a Ford sedan, and the decedent's pick-up. It appears that the front of the Ford sedan, driven by defendant Maxwell, struck the left front of the pick-up, throwing Inez May Kennedy out of the pick-up onto the pavement and under the pick-up, resulting in her instant death. The only skidmarks on the pavement were about two feet in length, running east from the point of impact. The speed of the Ford pick-up was estimated by eye witness at about 25 to 30 miles an hour.

Another witness related he was driving west on Thirty-sixth Street at about 30 to 35 miles an hour and had reached a point about one-half mile from the intersection of Thirty-sixth with Cincinnati Streets when the Ford sedan passed him going at a speed about twice that of his car, or approximately 60 to 70 miles an hour. It was dark and car lights were on. After the car passed him he proceeded on and as the Ford sedan went into the intersection he never did see defendant's brake lights go on, though his tail lights were burning. The lights of the Ford sedan were in his vision when he approached the stop sign. It further appears that at the stop sign on Thirty-sixth Street you cannot see north on Cincinnati, because there is a high bluff that blocks the view.

This evidence was sufficient to support the jury's verdict that the defendant drove his automobile under the conditions at an excessive rate of speed, and failed to observe the stop sign at the intersection of Thirty-sixth and Cincinnati Streets.

The defendant did not testify, but offered measurements and photographs as to conditions at the scene of the accident, substantially as those established by the State. There was some evidence that the gears in defendant's car were locked in low, but this evidence was highly speculative, since the transmission was never dismantled to definitely determine that issue. This evidence was apparently offered to establish a basis that the defendant stopped at the stop-line and slipped into low, and was in low gear when he struck the decedent's car. In any event, this created a highly speculative basis for conflict with the State's evidence, all of which was for the determination of the jury. They resolved the issue against the defendant upon sufficient evidence to sustain the verdict. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

The defendant directs two contentions to the instructions. He offered no requested instructions. His first contention is that the court erred in not giving an instruction covering defendant's theory of defense. He states:

"The theory of the defense in this case is that the defendant approached the stop sign at 36th Street North and Cincinnati and stopped, and after having stopped, there can be no doubt but that this issue is material, drove out as if to cross Cincinnati and at that point the collision occurred that resulted in the death of the deceased. Thereby making this death a result of unforeseeable accident or misadventure, therefore excusable homicide. There is evidence in the record from which the jury could deduct that this is how the tragedy occurred and that evidence is the testimony of Downing

CM 123, etc., in regard to the measurements of the intersection and the limits of the visability by motorist at said intersection."

The trial court instructed the jury:

"No. 1. You are instructed that homicide is the killing of one human being by another. Homicide as applied to this case may be either: (1) Manslaughter in the first degree: (2) Manslaughter in the second degree, or (3) Excusable homicide, according to the circumstances under which the killing, if any, occurred."

"No. 8. Excusable homicide consists in the killing of one human being by another when committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent.

"No. 9. You are instructed that if you entertain in your minds a reasonable doubt as to whether or not the killing of the deceased was committed by accident and misfortune in doing any lawful act by lawful means with usual and ordinary caution and without any unlawful intent to take the life of the deceased, then it is your duty to resolve such doubt in favor of the defendant and return a verdict of not guilty."

Thus substantially covering the issue raised by the foregoing contention.

Defendant then insists that the trial court committed reversible error in giving Instruction No. 3, which is as follows:

"Manslaughter in the first degree is homicide when perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor and if the commission of such misdemeanor is the proximate cause of the death.

"In this connection you are instructed that the violation of any of the laws of the State of Oklahoma, in regard to the operation of an automobile upon the public highways is a misdemeanor; a misdemeanor being any violation of law, which upon conviction thereof, is punishable by a jail term or a fine, or by both such fine and jail term."

■ Defendant contends that in such instruction the trial court failed to appraise the jury of any facts that they must find in order to return a verdict of guilty. With this we cannot agree, for the trial court in Instruction No. 3 quoted above advised the jury that the violations alleged in the information were misdemeanors, such as running a stop sign. When this instruction is read with all the other instructions, certainly they fairly presented to the jury not only the law as applied to accidental death, or excusable homicide, but as to the law of first degree manslaughter as applied to the facts herein, arising out of the death as the proximate result of the commission of the misdemeanors alleged in the information, such as not stopping at the stop sign and driving in an excessive, reckless speed greater than was reasonable and proper, having due regard to the conditions there appertaining at the time and place of the collision.

■■ The instructions as a whole covered the theory of the State and of the defense sufficient to meet the requirements of the law. Particularly is this true in the absence of any requests from the defendant. In Perry v. State, 94 Okl.Cr. 347, 235 P.2d 963, this Court said:

"Where counsel are dissatisfied with instructions that are given, or desire the court to give any particular instructions, or to more definitely or sufficiently state any propositions embraced in the instructions, it is the duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in the absence of any such request this court will not reverse the case where the instructions generally cover the subject matter of the inquiry.

"Instructions must be considered as a whole, and, when considered all together, if they fairly and correctly state the law applicable to the case, they will be sufficient."

In some of the instructions complained of the trial court instructed in the language of the statutes, and where defendant made no request for further instructions on the subject covered by the instructions actually given, the instructions given will be examined only for fundamental error. Bayouth v. State, Okl.Cr., 294 P.2d 856.

Under the law applicable herein, the judgment and sentence is affirmed.

NIX, P. J., and BUSSEY, J., concur.