Ted X. BOND, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14988.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Duane Lobaugh, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge.

Ted X. Bond, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the crime of Burglary in the Second Degree. He was sentenced to serve seven years in the State Penitentiary at McAlester, and from said judgment and sentence, he appeals.

Briefly stated, the facts adduced on the trial reveal that Carl Greenfield, owner and operator of a grocery store at 1649 NW 10th, Oklahoma City, Oklahoma, testified that on the morning of February 14, 1968, he received a call concerning his store and that entry had been made by removing a plywood panel in the front door. He further testified that he did not know the defendant, had not given the defendant permission to enter the store after he closed on February 13th. He stated that there were seven rolls of pennies missing, the stamp machine had been broken into, and the cash removed and money had also been taken from a collection box for crippled children.

Harold Baldwin, an Oklahoma City police officer, testified that he received a call and that he and his partner went to the Greenfield Grocery whereupon Officer Sanders entered the store and he observed the defendant in the custody of his partner, and identified the defendant in the courtroom as being one and the same person as that arrested at the Greenfield Grocery on the night in question. The officer further testified that he found a yellow-handled screw driver in one of the trinket machines and a chisel beside the subject at the fresh meat counter. The officer further identified Exhibit 2 as containing the rolls of pennies which were found on the subject prior to the arrest.

Defendant did not testify nor offer any evidence on his behalf.

On appeal defendant argues two assignments of error: (1) that the evidence is insufficient to support the verdict of the jury, and (2) that the punishment imposed was excessive.

Neither of these assignments of error have sufficient merit to require extended discussion, suffice it to say that the record amply supports the verdict of the jury; the punishment imposed is within the range provided by law; and the record is free of any error which would justify modification or reversal. Under these circumstances, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.