**902**

Terry WOMACK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15050.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied July 15, 1969.

Ritter & McGuire, Ardmore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Terry Womack, hereinafter referred to as defendant, was charged by information in the District Court of Carter County, Oklahoma, with the crime of Shooting With Intent to Kill. He was tried by a jury who found him guilty of the included offense of Assault and Battery With a Dangerous Weapon, and set his punishment at three years imprisonment in the state penitentiary at McAlester. From said judgment and sentence he appeals.

The facts adduced on the trial reveal that one Lavoy Fitzsimmons was shot three times on the 29th day of August, 1967, at the Rendezvous Club in Carter County, Oklahoma. There was conflicting evidence as to whether there was, or there was not, an argument which preceded the shooting; however, the facts revealed that the defendant did shoot Mr. Fitzsimmons with a gun which he went to his car and took from the glove compartment. There is also some question as to whether Fitzsimmons was seated at the time he was first shot, or whether he was advancing when the first shot entered his body, but there is not one scintilla of evidence to indicate that the victim was armed at the time of the shooting. Suffice it to say, that even under the defendant's theory, it is difficult to see how the jury could have arrived at any other verdict but that he was guilty. The fact that he was found guilty of the lesser included offense and given a relatively moderate sentence, was undoubtedly due to the skillful representation of his attorney during the cross-examination of various State witnesses and while presenting the defendant's case in chief, and indeed throughout the entire trial proceedings.

Having carefully examined the errors complained of on appeal, we are of the opinion, in the light of the entire record, that there was no error that was of sufficient merit to require discussion in this

opinion or justify reversal or modification of the judgment and sentence imposed. In Bond v. State, Okl.Cr., 453 P.2d 299, handed down this date, we stated:

"Where the record amply supports the verdict of the jury, the punishment imposed is within the range provided by law, and the record is free of any error which would justify modification or reversal, the judgment and sentence must be affirmed."

In accordance with Bond v. State, supra, the judgment and sentence appealed from is affirmed.

BRETT, P. J., concur.