Gary Leo **JENNINGS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17396.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

Carroll Samara, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., and Fred Anderson, Asst. Atty. Gen., and Amy Hodgins, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Gary Leo Jennings, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County on two Informations, heard together by agreement, for the offense of Assault and Battery with a Dangerous Weapon drawn under 21 O.S.1971, § 645. His punishment was fixed at one year in the county jail for each offense. From said judgments and sentences, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that on the evening of April 3, 1971, Max Wayne Chadwick, after finishing work at the Tip and Sip Club, walked over to a table to which a friend had invited him for a drink. As he stood at the table, the defendant's companion bumped into him. Chadwick turned to the man who had bumped into him and said, "Hey man, watch it," whereupon the defendant's companion hit Chadwick in the eye. Chadwick testified that at this point the defendant, Jennings, turned Chadwick around, at

which time he felt a sting in his stomach. Chadwick then knocked the defendant down and held him until Bob McDermitt, the club manager, came over.

There was some conflict in the testimony as to exactly what happened next. McDermitt testified that he came over and grabbed the defendant, whereupon Chadwick let the defendant go. The defendant stood upright, but jerked loose, reached behind McDermitt and apparently struck him with a sharp object which caused a hot poker sensation. McDermitt next testified that he pushed defendant away and drew back to hit defendant with a blackjack, but it flew out of his hands. A scuffle ensued during which McDermitt hit defendant with a chair. Defendant got back up and McDermitt was again struck in the stomach with a sharp object. Neither Chadwick nor McDermitt ever saw a knife, but another State witness claimed that he saw one in defendant's hand.

After the incident both Chadwick and McDermitt went to a hospital for treatment of puncture wounds.

Defendant took the stand and testified that he participated in a fight that he did not start, but denied ever having a knife, or stabbing anyone.

The defendant's first contention, on appeal, is that the evidence was insufficient to sustain the verdict. Learned counsel for defense cited Martin v. State, 67 Okl. Cr. 390, 94 P.2d 270 to support this contention. In that case defendant was also charged and convicted of a knifing and the court held that there was not a sufficient line of proof of the kind and character of the knife used.

█ The case at hand is readily distinguishable from the cited case in that there are many additional facts and much more testimony that the defendant did commit the offense charged. In the cited case no one testified seeing a knife, where in the case at hand, Herman Curtis Cummings, a State's witness, testified that he saw a knife. In the cited case there was much conflict in the testimony as to what actually happened, but in the present case there was very little conflict on relevant issues. The only conflict there was concerned such issues as how long defendant had been at the scene prior to the incident and the amount of light in the room. Neither of these issues, which are in conflict, shed any reasonable doubt on defendant's actually committing the offense.

█ In Tharpe v. State, Okl.Cr., 358 P. 2d 232, a case in which there was much conflicting testimony as to who started the altercation, this Court stated:

"This court has uniformly held that a jury's verdict upon disputed questions of fact will not be disturbed on appeal where there is any competent evidence in the record reasonably tending to support the same."

There is competent evidence in the record in the instant case and the clear weight of authority is that if there is testimony from which different inferences can be properly drawn, the jury's determination will not be disturbed. Hudson v. State, Okl.Cr., 399 P.2d 296. See also Mills v. State, 73 Okl. Cr. 98, 118 P.2d 259, Maxwell v. State, Okl.Cr., 360 P.2d 959, and Blanton v. State, Okl.Cr., 357 P.2d 243.

█ Defendant next contends that the verdict is excessive; however, this assignment of error has little merit. In Bond v. State, Okl.Cr., 453 P.2d 299, the Syllabus by the Court stated:

"Where the record amply supports the verdict of the jury, the punishment imposed is within the range provided by law, and the record is free of any error which would justify modification or reversal, the judgment and sentence must be affirmed."

In the instant case defendant was sentenced to serve one year in each case for a total of two years, where he possibly could have received five years for each offense. This verdict is clearly within the range provided by law and is not excessive.

Defendant's next contention is that the court refused to give an instruction on the

lesser included offense of Assault and Battery, but this contention cannot be sustained. This Court stated in Murphy v. State, 79 Okl.Cr. 31, 151 P.2d 69:

"It is true that it is the duty of the court to submit to the jury every degree of assault which the evidence in any reasonable view of it suggests. But there is nothing in the evidence here that indicates an assault and battery. The weapon here used was a deadly weapon per se."

See also Fennell v. State, Okl.Cr., 396 P.2d 889 and Austin v. State, Okl.Cr., 419 P.2d 569.

■ In the instant case the victims had definitely been attacked with a dangerous weapon and no reasonable view of the evidence could require an instruction on simple Assault and Battery.

■ Moreover, this Court has held in the early case of Jones v. State, 12 Okl.Cr. 255, 154 P. 689 (February 7, 1916) as follows:

"Where there is evidence that might tend to lessen the offense, or to reduce the crime to a degree lower than that charged in the indictment, or information, it is the duty of the trial court at all times to fully instruct the jury as to the law upon such lower degrees, or included offense. But where there is no evidence to support such lower degree, or included offense, it is not only unnecessary to instruct thereon, but the court has no right to ask the jury to consider such questions.

"In the case at bar, if the evidence of the state is to be believed, this plaintiff in error was guilty of assault with intent to kill—and nothing less. Upon the other hand, if his testimony must be believed—that is, testimony offered by him in his defense—then, he was guilty of no crime whatever. The jury found that he was guilty of assault with intent to kill—and we believe, correctly so."

This sensible rule has never been disturbed, but has been greatly overlooked or ignored by trial courts. In the instant case, defendant claims he had no knife or weapon of any kind and made no assault of any kind upon the prosecuting witness in either case. If so, he was not guilty of a lesser crime, or any crime, but the jury did not accept his theory of the case.

Defendant next contends that the trial court erred in permitting the defendant to be prosecuted on two charges of Assault with a Dangerous Weapon, though each charge appeared in a separate Information, which Informations were combined for trial by agreement of the parties, because both charges arose out of the same incident and therefore the prosecution on both charges violated defendant's constitutional and statutory rights. The contention is not well taken.

In his brief on appeal, defendant relies upon 21 O.S. § 11 and various cases dealing with former jeopardy as a bar to later prosecution for crimes arising from the same occurrence. Title 21 O.S.1971, § 11 is hardly pertinent here. That statute indicates where an offense is chargeable under the penal code, evidently referring to 21 O.S. as a whole, and chargeable under a more specific statute in another chapter of Oklahoma Statutes, referring to titles other than 21, then the offense must be charged under that more specific statute and may not be charged under both applicable statutes. In this case, defendant was charged with Assault with a Dangerous Weapon, an offense contained within the penal code, and it does not appear that a more specific statute exists outside the penal code under which it would be more appropriate to charge defendant. In any event, there is no indication in the record that defendant was held to answer under two different statutes for the same act.

■ On the issue of former jeopardy, defendant claims that since the offenses charged arose out of the same transaction former jeopardy bars the State from holding him to answer to two charges on the theory that to do so is dividing one act into various criminal components and pros-

ecuting on each of those components. Although this contention may be well founded in certain types of criminal cases, it has long been part of our jurisprudence that, where crimes against the person are involved, even though various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons. Temporal and/or spatial proximity or the fact that the weapon used was, or was not, identical, are not material. See Morris v. Territory, 1 Okl.Cr. 617, 99 P. 760, 101 P. 111 (1909); Orcutt v. State, 52 Okl.Cr. 217, 3 P.2d 912 (1931); Fay v. State, 62 Okl.Cr. 350, 71 P.2d 768 (1937). The test has been announced as whether evidence necessary to support the second offense warrants conviction upon the first (*Orcutt, supra*) and the conclusion is that the offenses are the same whenever evidence adequate to one Information will equally sustain the other. Estep v. State, 11 Okl.Cr. 103, 143 P. 64 (1914).

█ Such is patently not the case at bar. An essential element of Assault with a Dangerous Weapon is that some person was so assaulted. Proof that X was so assaulted is not identical with proof that Y was similarly assaulted. Since we are not faced with a fact situation wherein more than one assault was consummated by a single stroke of the weapon, we need not determine the effect, if indeed any, such fact would have upon the issue. The defendant has not been held unconstitutionally, nor contrary to statute, to answer to charges the prosecution of which constitute a violation of the principle of former jeopardy.

Defendant does not raise the issue of whether the offenses charged separately in separate Informations, were properly joined for trial. On the contrary, in both his brief on appeal and his reply brief, he repeats without comment the fact that the joinder for trial was accomplished upon agreement of the parties. Also, see 22 O. S.1971, § 438.

In light of what has been said above, it appears that there was no error committed by the trial court in permitting trial of the defendant for two clearly distinct offenses arising from the same incident in the present context.

█ As to the next proposition that the trial court erred in permitting the bloody shirt of the complaining witness to be exhibited to the jury, the law is established that in assault cases the clothing worn by the victim at the time of the assault may be introduced within the discretion of the trial court, to connect the accused with the crime, to prove the identity of the deceased, to show the nature of the wound, or to throw any relevant light on a material matter at issue. However, such evidence will not be admitted where it sheds no light on a relevant fact and where its only effect would be to arouse passion and prejudice in the minds of the jury. Owens v. State, 93 Okl.Cr. 156, 225 P.2d 812; Martin v. State, supra; and Brewer v. State, Okl.Cr., 414 P.2d 559. In the above cited cases, this Court held that the evidence in question should not have been admitted because it could not clarify any relevant fact. The case at bar can be distinguished from these. Here there was some question as to the nature of the instrument used to produce the injury; the scar itself was exhibited; but an examination of the shirt worn the night in question could certainly shed some light on the confusing testimony as to whether or not the instrument was a knife. Since in the trial court's discretion this evidence could shed some light on a relevant fact, the proposition that its only purpose was to arouse passion and prejudice in the jury's mind, cannot be sustained.

Having dealt with all the propositions raised on appeal, and finding nothing in the record which would require modification or reversal, we are of the opinion that the judgments and sentences appealed from should be, and the same are hereby, affirmed.

BUSSEY and BRETT, JJ., concur.