HERMAN BOSLEY V. STATE.

No. 2198. Decided February 12, 1913.

**1.—Murder—Continuance—Second Application—Want of Diligence.**

Where the application for continuance was the second in number and did not state that the testimony could not be procured from any other source, but showed on its face that it could be so procured and, besides, there was a want of diligence in not applying for process after the witness moved out of the county of the prosecution, there was no error in overruling a motion for continuance.

**2.—Same—Continuance—Other Testimony.**

Where another witness testified to the same facts that were expected to be proved by the absent witness, there was no error in overruling the motion. Following Harvey v. State, 35 Texas Crim. Rep., 545.

**3.—Same—Continuance—Want of Diligence—Depositions.**

Where defendant's motion for continuance showed a want of diligence in applying for process or taking the depositions of the absent witness while out of the State, and besides, the testimony of the absent witness was admitted in evidence by another witness and the only disputed fact was not probably true, there was no error in overruling the motion. Following Wilkins v. State, 35 Texas Crim. Rep., 525, and other cases.

**4.—Same—Evidence—Contradicting Witness—Regular Order.**

Where evidence is introduced to impeach the witness by proof of contradictory statements made to him by others, evidence is competent to show that he had previously made statements agreeing with and corroborating his testimony on trial, even if such evidence is not introduced in regular order. Following Hamilton v. State, 36 Texas Crim. Rep., 372, and other cases.

**5.—Same—Evidence—Self-Serving Declarations—Allusion to Defendant's Failure to Testify.**

Upon trial of murder, there was no error in excluding the self-serving declarations made by the defendant to his witness after his arrest, and there was no reversible error in the State's counsel's remark that if they wanted to prove that fact, to place defendant on the stand; the same occurring during trial, and was but an incidental remark of State's counsel, and not such an allusion to defendant's failure to testify as to be cause for reversal. Following Combs v. State, 55 Texas Crim. Rep., 332, and other cases.

**6.—Same—Charge of Court—Circumstantial Evidence—Alibi.**

Where, upon trial of murder, the case being one of circumstantial evidence, and defendant claimed an alibi, the court properly submitted these issues in a proper charge; no exact words being necessary in charging on circumstantial evidence, and the failure to use the words, "and none other," was not material. Following Henderson v. State, 50 Texas Crim. Rep., 266.

**7.—Same—Defendant as a Witness—Charge of Court.**

The court's failure to charge the jury that the defendant could testify in his own case, but a failure to do so should not be considered against him or alluded to or discussed by the jury; there being no contention that the jury did allude thereto, was not reversible error. Following Morrison v. State, 40 Texas Crim. Rep., 473.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder in the second degree and conviction thereof, the evidence sustained the conviction, there was no error.

**9.—Same—Affidavits—Matters Occurring After Trial—Practice on Appeal.**

This court cannot consider affidavits concerning matters occurring since the trial, and can only look to the record made on the trial of the case from which the appeal is prosecuted; besides, the question of former jeopardy set up in these affidavits could not apply.

Appeal from the District Court of Shelby. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of murder in the second degree; penalty. five years imprisonment in the penitentiary.

The opinion states the case.

*Carter & Walker* and *Davis & Davis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of contradicting witness and right to anticipate testimony: Gibson v. State, 23 Texas Crim. App., 414; Reddick v. State, 35 Texas Crim. Rep., 463; Campbell v. State, 35 id, 160; Duke v. State, 35 id, 283, and cases cited in opinion.

On question of defendant as a witness and court's charge thereon: Guinn v. State, 39 Texas Crim. Rep., 257.

HARPER, JUDGE.—Appellant was indicted, charged with murder in the second degree, and when tried was convicted of that offense, and his punishment assessed at five years confinement in the State penitentiary.

Appellant filed an application for a continuance on account of the absence of Allee Earl, Mell Handy, and Idella Waterhouse. This was his second application, a continuance at the former term having been granted on his application. By the witness, Allee Earl, he states he can prove that some four or five days after appellant was arrested. charged with this offense, one Rufus Driver at night came to the home of appellant and "asked the wife of appellant not to turn against him, Rufus Driver; that he was also charged with the offense (as well as appellant) and there would be no case against him (Driver) if she (appellant's wife) did not turn against him. and

promised to buy her a nice present." As to this witness, the record discloses that she was summoned while a resident of Shelby County; that since being summoned she had moved to Nacogdoches County, and no additional process had been issued for her, consequently the diligence as to this witness would be insufficient on a second application. The witness was not required to attend, having moved out of the county, and the application, to be sufficient, must show that a subpoena had been issued to the county where the witness had moved, or some good reason stated why it had not been done. This has always been the rule in this court. In addition to this, the application itself shows that the testimony was procurable from another source, and no reason stated why this witness was not used, and it has been the unvarying rule in this court that a second application is insufficient which fails to show that the testimony cannot be procured from any other source. McCullough v. State, 35 Texas Crim. Rep., 268; Pinckford v. State, 13 Texas Crim. App., 468; Henderson v. State, 5 Texas Crim. App., 134. Then again, it would only be by inference that the testimony desired from this witness could be of any benefit to defendant. This language would be as susceptible of the construction that Driver thought himself wrongfully accused by appellant and his mother, and he did not want his wife to join in the wrongful accusation as one injurious to Driver.

As to the witness, Mell Handy, the record shows that another witness did appear and testify to the same facts it was expected to be proven by this witness, and in Harvey v. State, 35 Texas Crim. Rep., 154, and other cases, it has been held that testimony which would only be cumulative of other testimony adduced on the trial would be no ground on which to base a second application for a continuance.

The only other witness named in the application is Idella Waterhouse, the mother of this appellant. The application and record would disclose that almost immediately following the homicide appellant and his mother, the absent Idella Waterhouse, were arrested charged with murder. That while in jail she was carried before the county attorney and denied any knowledge of the crime. That after conferring with appellant she went before the county attorney again, and then made a statement or confession in which she stated that she and one Rufus Driver, her son-in-law, had entered into a conspiracy to kill Byron Alexander. That in pursuance of this conspiracy she and Rufus Driver went near the home of Byron Alexander and she went in, and after getting in the house, complained of the heat and raised a window, when the shots were fired from the outside that killed the child for which appellant was being prosecuted for killing. Driver was then arrested, but when the grand jury met and investigated the case, Driver was not indicted, but indictments were returned against appellant and his mother, the absent witness. It appears at the former term of court the cases against

appellant and his mother were both continued, and then his mother made a bond and went to Louisiana where she remained until after the February term of court when appellant was tried. It further appears that on March 9th the case against appellant's mother was dismissed by the district attorney. Thereafter, on March 19th, when his case was called, he applied to continue on account of her absence, setting up that he expected to prove by her the facts she had stated in her confession to the county attorney, which evidence would go to show that Driver and not appellant was guilty of the offense. He gives as a reason for not summoning this witness when first indicted, that she was also indicted for an offense growing out of the same transaction, and, therefore, was not a competent witness in his behalf until the case against her had been dismissed, but the application fails to show sufficient diligence used by him during the ten days elapsing from the date her case was dismissed until his case was called for trial. He does not show the efforts he made, if any, to get in communication with this witness, or learn her whereabouts. It appears that on the day his case was called for trial he then knew her exact whereabouts and stated she was at Coushatta, Red River Parish, La. The application does not show the distance from Center to Coushatta, and to make the diligence sufficient it should have shown the distance, and that from the time the case against her was dismissed and he learned her exact location sufficient time did not remain for him to have taken her depositions. The record disclosing that he knew the location of the witness and that she was beyond the jurisdiction of the court, he should also have shown that he had made some efforts to take her depositions, or to obtain her attendance on court. While, as stated, the application does not show the distance, yet if we take our geographical knowledge into consideration, we know that Shelby County borders on the Louisiana line, and there is but one county or parish intervening between Shelby County and Red River Parish. (Harvey v. State, 35 Texas Crim. Rep., 545; De-Alberts v. State, 34 Texas Crim. Rep., 508; Hennessey v. State, 23 Texas Crim. App., 340; Swofford v. State, 3 Texas Crim. App., 76.) It may be said that the court permitted, without objection, the defendant to prove by the county attorney of Shelby County the facts stated by the witness at the time she made the confession, and this confession being admitted, it was thus in evidence that this absent witness had sworn to all the facts the defendant stated he expected to prove by her. In addition to this, all the evidence stated it was expected to prove by this witness was proven as undisputed facts, except that Driver went with her to the house that night and fired the shots after she opened the window, and this fact, we think, the record would disclose the court was authorized to find was not probably true. The undisputed facts show that the cartridges used were 40-44 Winchester shells, they being picked up off the ground. The record further discloses that appellant was the owner of a 40-44 Win-

chester rifle, while it does not even suggest that Driver ever owned such a gun. If the State's witnesses are to be believed, appellant was seen to leave his house at night prior to the shooting, and return home just about daylight, riding a horse; that a horse of a neighbor of appellant was taken from his lot and ridden that night, and found next morning on the road between the home of appellant and the man from whose lot it had been taken. The other facts and circumstances point to appellant as the person who fired the shots, while the main prosecuting witness was shown beyond dispute to have stated at the time the first shot was fired it was appellant who was doing the shooting. As to how he knew this fact at that time is not explained by the record; he does not say that later he heard appellant's voice on the outside of the house, while the facts and circumstances point to appellant as the person who fired the shots, while are very weak. In Sec. 647 of White's Ann. Code Criminal Procedure, will be found numerous authorities holding that the court on appeal will not revise or reverse the judgment of the lower court refusing a continuance and overruling the application for a new trial based thereon, unless it is made to appear by the evidence adduced on the trial that the proposed absent testimony was probably true. (Wilkins v. State, 35 Texas Crim. Rep., 525; Weaver v. State, 34 Texas Crim. Rep., 282.) Again, in Harvey v. State, 35 Texas Crim. Rep., 545, this court held that the record showed that the defendant used the testimony of the witness on a former trial in application for a continuance, a motion for new trial was properly overruled. In this case the confession of the absent witness was introduced by defendant, in which all the testimony expected to be proven by her was admitted in evidence, and in the light of these decisions and the record in this case, we do not think the court erred in overruling the application for a continuance.

In another bill it is shown that Lena Hooper testified that just a short time before the homicide she saw appellant with a Winchester rifle, shooting at a dog. On cross-examination she was asked the evening after the homicide if she did not tell Edwin Booth that she did not remember how long it was prior to the homicide when she had seen appellant with this rifle and she denied making this statement to Edwin Booth. On redirect examination, in support of her testimony, it was proven that she had testified to the same facts as she had testified to in this case. This was prior to the time that appellant had placed Edwin Booth on the stand, but he had laid the predicate to impeach her, and while it was irregular to introduce the testimony at that time, yet as appellant did place Booth on the stand and sought to impeach her by offering testimony of a contradictory nature, the supporting testimony became admissible in evidence, and the irregularity as to the time of its introduction presents no such error of which he can complain. (Gibson v. State, 23 Texas Crim. App., 414.) Where evidence is introduced to impeach a wit-

ness by proof of contradictory statements made to him by others, evidence is competent to show that he had previously made statements agreeing with and corroborating his testimony on the trial. (Hamilton v. State, 36 Texas Crim. Rep., 372; Kirk v. State, 35 Texas Crim. Rep., 224; English v. State, 34 Texas Crim. Rep., 190; Branch's Crim. Law, Sec. 874.)

While Edwin Booth was testifying in behalf of defendant, the defendant attempted to prove by him a self-serving declaration made by defendant to this witness after his arrest. State's counsel objected, and in stating his objection said it was hearsay and self-serving, and if they wanted to prove that fact let them place defendant on the stand. Defendant objected to the latter part of the remark of counsel for the State, which objection was sustained by the court. This was during the trial of the case, and at this time it could not have been known whether or not defendant would testify in the case, but appellant now contends that this incidental remark of the district attorney was a reference to defendant's failure to testify, and for which cause this case should be reversed. Appellant was seeking to elicit from the witness what the defendant had said in his own behalf on a certain occasion, and if this objection made by counsel for the State should be held to be a reference to defendant's failure to testify, incidentally made, this court has held in Combs v. State, 55 Texas Crim. Rep., 332: "that any bare allusion by the prosecuting attorney to the failure of the defendant to testify would not operate a reversal of the case." See also Cabrera v. State, 56 Texas Crim. Rep., 141; Johnson v. State, 53 Texas Crim. Rep., 339; Smith v. State, 52 Texas Crim. Rep., 344, and Am. & Eng. Ency. of Prac., Vol. 5, p. 339, where a long list of authorities will be found from this and other states so holding.

This being a case of circumstantial evidence, the testimony of defendant tending to prove an alibi, the court instructed the jury: "In this case the State relies for a conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence, each fact necessary to establish the guilt of the accused must be proved by competent evidence, beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and produce in your minds a reasonable and moral certainty that the accused committed the offense.

"You are instructed that in addition to his plea of not guilty, the defendant in this case interposes what is known in legal phraseology as an alibi, that is, that if deceased was killed as alleged, the defendant was, at the time of such killing, at another and different place than at which such killing was done, and, therefore, was not and could not have been the person who killed the deceased, if he was killed.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the deceased was killed, if killed, at the time of such killing, then you should acquit the defendant."

This form of charge on circumstantial evidence was specifically approved by this court in Henderson v. State, 50 Texas Crim. Rep.. 266, and it has been frequently held by this court that no exact words need be used in charging on circumstantial evidence, but if the charge by a proper construction of the language used, instructed the jury that the evidence must exclude every other reasonable hypothesis than that of the guilt of the defendant, it is sufficient. (Branch's Crim. Law, Sec. 204.)

The charge on alibi is in accordance with the aproved forms, and is here recited that it may be construed in connection with the charge on circumstantial evidence to show that appellant could have possibly suffered no injury by reason of the fact that the words "and none other" were not used in the charge on circumstantial evidence.

Appellant also in the motion for new trial complains the court failed in his charge to instruct the jury that the defendant was permitted to testify in his own behalf, but his failure to do so should not be considered as a circumstance against him, nor be alluded to or discussed by the jury. There is no contention made that the jury alluded to or considered in their retirement the failure of defendant to testify, and under such circumstances no possible injury could have resulted to defendant. It has always been held that the court is not required to charge as to defendant's failure to testify, unless requested so to do. (Morrison v. State, 40 Texas Crim. Rep., 473; Prewett v. State, 41 Texas Crim. Rep., 262.)

The only other ground in the motion complains of the insufficiency of the testimony to sustain the verdict. If the State's testimony is to be given any credence, it was a cold-blooded attempt at assassination, being reduced to murder in the second degree only by reason of the fact that appellant failed to kill the person he intended to kill, and while it is a case of circumstantial evidence, the evidence is of that cogency to authorize the jury to find that he was the person who committed the offense.

Some affidavits have been filed in this court that since the trial of this case appellant has again been tried, as contended by him, for the same offense. This court cannot consider such matters, they only looking to the record made on the trial of the case from which the appeal is prosecuted. But we might add, having been tried and convicted in this case first, the plea of former jeopardy would not apply. If good on the latter case, it could only be interposed and considered when it was sought to try him the second time.

The judgment is affirmed.

*Affirmed.*