JOHN FAY v. STATE.

No. A-9257. Sept. 10, 1937.

(71 Pac. 2d 768.)

Kenneth B. Kienzle, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience referred to as the defendant, was convicted of assault with intent to kill, and was sentenced to serve a term of six months in the state penitentiary. Motion for a new trial was filed, considered, and overruled. The defendant saved the record and has appealed to this court.

The defendant was by information charged with an assault upon Genella Brewer, a school girl, by striking her with his car. J. P. Fisher, testifying for the state, stated:

"I was driving an oil truck in the same direction the defendant was driving; I estimated the defendant was driving at a speed of 75 or 80 miles an hour; just about a block and a half north of where he struck Genella Brewer he passed me; the defendant drove so fast I looked at my speedometer and saw I was driving 47 or 48 miles an hour; I had only time to look up when the defendant struck Genella Brewer."

Roy Snelson, testifying for the state, stated in substance that defendant's car stopped approximately 108 feet from where the defendant struck the child. The witness further stated one of the tires left a mark on the pavement estimated at 120 feet—by another witness at 75 steps. The witness Snelson stated that by the zigzagging of the defendant's car he was having trouble in getting his car under control.

The defendant in his testimony claims before he got into the school zone he was driving about 35 or 40 miles an hour, and that on coming into the school zone he slowed down to about 35 miles an hour. The defendant stated he did not see the child when he got into the school zone.

There is no dispute in the testimony that the defendant was driving at an unusual rate of speed in the school zone when he struck Genella Brewer, nor is there any dispute that the child was bruised and injured. Unless there is some error prejudicial to the rights of the defendant and such an error as would warrant this court in reversing the case, the evidence is sufficient to sustain the verdict and judgment.

The defendant in his petition in error has assigned eleven errors alleged to have been committed by the trial court which he insists is sufficient to warrant this court in reversing his case. The only assignment of error we deem necessary to consider is assignment No. 10, which is:

"That the verdict of the jury sustained the defendant's plea of former jeopardy and should have been sustained by a verdict of not guilty."

Section 21, art. 2, of the Constitution of Oklahoma, is as follows:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Section 2678, O. S. 1931 (22 Okla. St. Ann. § 522), is as follows:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

The information charged that on the 26th day of September, 1935, the said defendant did unlawfully, willfully, feloniously, wrongfully, and intentionally make an assault upon the person and body of the said Genella Brewer, with an automobile which he, the said John Fay, was then and there driving upon the public highway, and with such force as was likely to produce death, cut, strike, and wound her, the said Genella Brewer, with the unlawful

354

and felonious intent of him, the said John Fay, her, the said Genella Brewer, to kill and murder.

The record discloses that before the trial began the defendant filed a plea of former jeopardy, and insists that this was the same offense as the one upon which he was formerly tried and convicted in No. 3749, in the district court of Okmulgee county, and which case is mentioned in the verdict of the jury as numbered and set forth above. The defendant in his brief refers to the case No. 3749, and leaves the impression that the trial of No. 3749 was for an assault upon Genella Brewer. The record does not bear him out in this statement, for the reason that the record shows he was tried and convicted in No. 3749 of an assault upon Betty Joe Brewer and not Genella Brewer.

The record further shows that the defendant was tried, convicted, and sentenced at the January, 1936, term of the district court of Okmulgee county, for the crime committed by him on Betty Joe Brewer. That he was tried and convicted at the July, 1936, term of the district court of Okmulgee county, for the crime committed on Genella Brewer, the July term being a separate term of court from the January term. The defendant insists that his plea of former jeopardy should be sustained for the reason that the injury to Genella Brewer occurred at the same time that Betty Joe Brewer was injured by the defendant's car, and the defendant further contends that the injury to Betty Joe Brewer and the injury to Genella Brewer occurring practically at the same time and the same place were not separate crimes, but one act, and that his plea of former jeopardy should have been sustained.

The defendant in, his brief admits that his conviction of injuring Betty Joe Brewer at the time of writing his brief was pending in the Criminal Court of Appeals. In view of the fact that the defendant's conviction of injury to Betty Joe Brewer was pending in the Criminal Court of Appeals at the time he filed his plea of former jeopardy, the trial court properly overruled the same. While this court has never passed upon the question involved in this case, yet the State of Texas has had the direct question before it, and in the case of Sackhiem v. State, 92 Tex. Cr. R. 437, 244 S. W. 377, 24 A. L. R. 1072, in the first paragraph of the syllabus the court states the rule as follows:

"A conviction appealed from and appeal pending at the time of a subsequent prosecution and trial will not support a plea of former conviction."

In the body of the opinion the court states:

"When the instant case was called for trial, appellant presented a plea of former conviction based on the facts we have above stated, and alleging that he had already been convicted for the same transaction and offense for which he was now being prosecuted. We do not consider or discuss the various bills of exception and the objections raised to the different phases of this question, as presented in the record before us, for the reason that a conviction appealed from and the appeal pending at the time of a subsequent prosecution and trial will not support a plea of former conviction, however just and pertinent the plea otherwise. Dupree v. State, 56 Tex. Cr. R. 562, 120 S. W. 871, 23 L. R. A. (N. S.) 596, 133 Am. St. Rep. 998; Harvey v. State, 57 Tex. Cr. R. 5, 121 S. W. 501, 136 Am. St. Rep. 971; Bosley v. State, 69 Tex. Cr. R. 100, 153 S. W. 878; Phillips v. State, 73 Tex. Cr. R. 317, 164 S. W. 1004."

The court in the body of the opinion further says:

"It is indicated in these authorities that in such case one desiring to avail himself of a prior conviction as a

bar to the instant prosecution should pursue a different course from the filing of a plea of former conviction when an appeal is pending."

. In People v. Brannon, 70 Cal. App. 225, 233 Pac. 88, in the third paragraph of the syllabus the court said:

"Where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there were persons injured by the unlawful act, and as affecting the plea of former jeopardy it matters not whether a trial for one of such offenses resulted in a conviction or acquittal; there being no difference between pleas of 'autrefois convict' and 'autrefois acquit.'"

In the case of State v. Fredlund, 273 N. W. 353, 357, decided by the Supreme Court of Minnesota, the prosecution in this case arose through an automobile collision, the two cars driven by the respective parties Mr. Busch and by the defendant. Mrs. Busch and her small son were killed. The grand jury returned an indictment against the defendant for the killing of Mrs. Busch, and also for the killing of the child; both indictments were the same in substance except as to the person killed; the same witnesses were produced before the grand jury and their names were indorsed upon the indictments. The defendant was tried and acquitted of the killing of Mrs. Busch. He was later convicted of the killing of the child, at which trial he entered a plea of former jeopardy, and the trial court certified the question to the Supreme Court.

In State v. Fredlund, supra, the Supreme Court in the body of the opinion makes the following statement:

"Directly in point is People v. Majors, 65 Cal. 138, 3 Pac. 597, 52 Am. Rep. 295. The first syllabus paragraph, fully sustained by the opinion, reads: 'The murder of two persons by the same act, * * * conviction or acquittal in one case does not bar a prosecution in the other.'"

In State v. Fredlund, supra, in the body of the opinion the court said:

"We have attempted to show that the better rule and that established by the great weight of respectable authority, is that the murder of two persons, even by the same act, constitutes two offenses, for each of which a separate prosecution will lie, and that a conviction or acquittal in one case does not bar a prosecution in the other."

Citing a number of authorities to sustain the holding of the court. This case seems decisive of the question that where a party driving an automobile injures two or more persons he can be prosecuted for the injury of each of the individuals separately, and a conviction or acquittal for the injury of one of the parties will not bar the prosecution for the injury to the other parties.

12 Cyc. 282, § 4, is as follows:

"The Legislature may carve out of a single act or transaction several crimes, so that the individual may, at the same time and in the same transaction, commit several distinct crimes, in which case an acquittal or a conviction of one will not be a bar to an indictment for the other."

In Orcutt v. State, 52 Okla. Cr. 217, 3 Pac. (2d) 912, this court in the first paragraph of the syllabus stated:

"Robbing different individuals riding in the same automobile in rapid succession constitutes a distinct offense for each individual, and a conviction or acquittal for robbing one is no bar to a prosecution for robbing others."

While the authorities are not in harmony on the question involved in this case, we hold that the greater weight of respectable authorities sustains the contention of the

358

state that, notwithstanding the fact that the injury of the Brewer girls was caused by the car of the defendant striking them at or near the same time and place, the injury to each of the girls constitutes a separate offense, and that the contention of the defendant that he could not be put on trial for the injury to Genella Brewer, after he had been tried and convicted and his case pending in the Criminal Court of Appeals for the injury of Betty Joe Brewer, is without merit. This court holds that where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there are persons injured by the unlawful act.

The evidence in this case is amply sufficient to sustain the conviction. There are no fundamental or prejudicial errors in the record warranting this court in reversing the case. The instructions of the court in their entirety correctly advised the jury as to the law applicable to the facts.

The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.