Ronnie Vernon Leroy McGOWAN,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A-13280.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1963.

Earl K. Howe, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis Wallace, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Tulsa County from a judgment and sentence rendered against Ronnie Vernon Le-roy McGowan for the Offense of Indecent Exposure fixing his punishment at Six Years in the Oklahoma State Penitentiary.

There are several assignments of error urged on appeal, but, only one of which requires serious consideration. It is urged by the defendant that reversible error was committed when after the case was submitted to the jury the bailiff entered into the jury room and communicated with them in violation of Title 22 O.S. (1951) § 857.

From the record, it appears that after the case had been submitted to the jury, the bailiff did enter the jury room and converse with the jury. Nothing further appears of record, nor, does it appear that any effort was made by the defendant to establish that he was prejudiced by the unauthorized violation of Title 22 O.S. (1951) § 857 which provides:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

On Oral Argument the Attorney General, while not confessing error, acknowledged that the State could not conscientiously defend the record. This Court has held that the burden of proving that the defendant was prejudiced by unauthorized communication to the jury prior to the submission of the case is upon the accused. However, as pointed out in Fields v. State, Okl.Cr., 364 P.2d 723, once the case has been submitted to the jury the burden of establishing that an unauthorized communication was made to the jury is upon the defendant, but that after this fact is established the presumption of prejudice exists until the same has been overcome by affirmative proof offered on behalf of the State. As was stated in the Fields Case, supra, Syllabus 6:

"After the case has been submitted to the jury for their determination, any unauthorized communication of an officer or official of the court or any third person creates a presumption of prejudice against the defendant and this presumption must be overcome by competent evidence presented."

The State wholly failed to offer any evidence overcoming the presumption of prejudice, and for this reason, this cause is reversed and remanded for new trial.

NIX, P. J., and BRETT, J., concur.