Frank STILL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15442.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Robert A. SWARER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15498.

Court of Criminal Appeals of Oklahoma.

April 6, 1971.

## ORDER

Gene F. Mowery, Stilwell, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

˙Plaintiff in error, Frank Still, hereinafter referred to as defendant, was convicted by a jury verdict in the District Court of Adair County, Case No. 2155, of Lewd Molestation of a Child Under Age 14, with punishment fixed at five years imprisonment. Judgment and sentence was imposed on December 11, 1968, and this appeal perfected therefrom.

The conviction concerns the event on April 4, 1968, near Stilwell in Adair County, Oklahoma. George William Buckner, complaining witness, testified that on that date while 13 years old, after coming home from school, he had ridden his bicycle to the sight of a train wreck outside of town. While on the way, he accepted a ride in the defendant's automobile and the bicycle was placed in the car trunk. After driving awhile in an attempt to reach the sight of the train wreck, defendant turned off on a dirt road and stopped the car. The complaining witness testified that after defendant threatened him with his fist, Buckner pulled down his pants and under shorts, and defendant fondled his private parts. The complaining witness testified that he told defendant if he would get his bicycle out of the trunk, he would reciprocate as requested by the defendant. After the bicycle was removed from the trunk, complaining witness told defendant he had to go to the bathroom whereupon he left the car and got on his bicycle and rode away. He drove to the first farm house and asked the occupants to admit him as he was being chased.

Mr. & Mrs. Fred Keller testified that at approximately 8:00 P.M., on April 4, 1968, the complaining witness came to their house looking frightened, and stated that

he was being chased. The Kellers notified the police, who arrived and took the complaining witness with them.

The defendant testified that he was married and has three children. He stated that on April 4, 1968, he left his home about 5:35 P.M., by car, to see the train wreck. On the way, he saw the complaining witness, picked him up, put the bicycle in his trunk and they both drove to the train wreck site. Defendant testified that they were unable to reach the site of the train wreck and that after awhile he got the complaining witness's bicycle out of the trunk and that he rode off while defendant was using the bathroom. Defendant testified that he returned home about 6:25 P. M. Defendant denied any sexual contact with the complaining witness.

Ralph Wofford testified that he was a friend of the defendant and that on April 4, 1968, at about 6:10 P.M. he went to the defendant's home and that defendant was present.

Leslie Still, defendant's wife, testified that on the day in question defendant returned home about 6:25 P.M.

██ It is defendant's first contention that the uncorroborated testimony of the state's complaining witness is insufficient to uphold the conviction for violation of 21 O.S. § 1123, for lewd molestation. Defendant argues that the testimony of the state's complaining witness is self contradictory and requires the establishment of other evidence to corroborate his testimony. In Miller v. State, Okl.Cr., 418 P.2d 220, this Court held:

"A conviction for a violation of Title 21, Okl.St.Ann., § 1123, supra, for lewd, indecent acts by an adult person as to a child under 14 years of age may be sustained upon the uncorroborated evidence of the prosecutrix, unless the testimony may appear inherently improbable and almost incredible. In that event, there must be corroboration by other evidence as to the principal facts to sustain conviction.

In the case at bar, the testimony of the prosecutrix was neither improbable nor contradictory, but to the contrary; clear, and convincing, consistent, and substantially corroborated.

It is not for this Court to substitute its judgment on question of fact, or of the weight of the evidence for that of the jury, where there is competent evidence from which the jury may reasonably and logically find that guilt of the defendant even though the evidence may be conflicting, or such that different inferences might reasonably be drawn thereupon."

The testimony of the complaining witness in the case at bar was not "inherently improbable and almost incredible." There was a direct conflict in the evidence as to whether or not the defendant was in the presence of the complaining witness from 6:30 P.M. to approximately 8:00 P.M. as stated by the complaining witness or whether defendant was at home after 6:30 P.M. as was stated by defendant, his wife, and friends. But this was a question of fact for the jury and there was competent evidence from which the jury could reasonably and logically conclude defendant's guilt. This conflict in the evidence did not render the complaining witness's story "almost incredible." We are, therefore, of the opinion that the complaining witness's testimony was neither improbable nor contradictory and that it did not require corroboration by additional evidence as to the principal facts in order to sustain conviction.

██ Defendant's second contention is that it was error for the trial court to deny his motion for a new trial based on an alleged unauthorized communication with the jury during its deliberation. Defendant

**552**

argues that there was unauthorized communication between the bailiff and the jury. The record shows that defendant filed a motion for new trial alleging that the jury asked the bailiff for an almanac during its deliberation. After reading the defendant's motion, the trial court asked if defendant had anything to offer in support. Defendant offered no evidence whatsoever aside from his statement to the court that the jury had requested an almanac from the bailiff. No proof of this fact was offered. Accordingly, we are of the opinion that the trial court properly overruled defendant's motion for a new trial.

It is true that there is a presumption of prejudice results from communication between the bailiff and jury during its deliberation. Defendant cites Scott v. State, Okl.Cr., 448 P.2d 272, as authority that an unauthorized communication requires reversal. However, in *Scott*, supra, the bailiff testified as to the communication. In the instant case, the defendant did not call the bailiff to testify, nor any of the jurors. In short, the record is void of any proof or evidence of an unauthorized communication with the jury during its deliberation. In Ramos v. State, Okl. Cr., 445 P.2d 807 (1968), it was stated:

"It is fundamental to this Court that the burden is on the defendant to show that there was unauthorized communication * * *"

Also, see McGowan v. State, Okl.Cr., 377 P.2d 975 (1963).

Accordingly, we find that the defendant's contention is without merit.

Therefore, having considered defendant's assignments of error and finding them without merit, we conclude that the judgment and sentence must be affirmed.

Affirmed.

BUSSEY, P. J., and BRETT, J., concur.