Charles Clifford PALMER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17179.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

Don Anderson, Public Defender, Oklahoma, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Charles Clifford Palmer, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Robbery with Firearms; his punishment was fixed at one hundred and twenty-five (125) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Joann John testified that on March 19, 1971, she was employed as a clerk at Little Dee's Grocery at 2801 North Classen Boulevard in Oklahoma City. About 1:45 o'clock p.m., a person, whom she identified in court as the defendant, entered, revealed a sawed-off shotgun from underneath a blue jacket he was carrying, and demanded that she open the cash register. Defendant then put her and a customer who had just entered the store into the walk-in cooler. Through a window in the cooler she could see a yellow car backing into the street. Money in the amount of $115.00 was missing from the register in denominations of twenties, tens, fives and singles. She reported by phone to the police. She identified State's Exhibits One and Two as similar to the sawed-off shotgun and the jacket that the defendant had.

Officer Williams testified that he was on patrol on March 19, and about 1:50 o'clock p.m., he received a radio report concerning a robbery and a description of the vehicle. At the 300 block of Classen Boulevard, he observed a vehicle fitting the description. The officer took pursuit and eventually stopped the vehicle. While pursuing the vehicle, he received a further police report describing the suspect of the robbery; as the defendant dismounted from his vehicle, the officer observed that the defendant fit the description of the robber. He asked the defendant for his driver's license, and the defendant stated that he left it in his car. The officer ordered the defendant to put his hands upon the hood of the police unit, and the officer backed up toward the defendant's car, looked in the window, and observed a blue jacket, and a barrel of a shot-gun sticking out from the jacket on the floorboard of the vehicle. Upon searching the defendant, he found $115.00 in bills in the defendant's left-hand shirt pocket. The bills were in denominations of twenties, tens, fives, and ones.

Virginia Mayhan testified that she had let the defendant use her car, a black over yellow Chevrolet, on the day in question, to look for a job.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circum-

stances in each case, and that we do not have the power to modify a sentence, unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. We need only to observe that the evidence of defendant's guilt is overwhelming, and that the Record is free of any error which would justify modification. We, therefore, cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is, accordingly, affirmed.

BRETT, J., specially concurring.

SIMMS, J., concurring.

BRETT, Judge (specially concurring).
I concur, but would modify the sentence to life imprisonment.