James Howard GORDON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17789.

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, James Howard Gordon, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Assault with A Dangerous Weapon; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, James Hamilton testified that on December 12, 1970, he was employed as the produce manager at the Safeway Store at Twenty-Third and Eastern in Oklahoma City. At approximately 9:30 a. m., two men and two women came into the store. J. D. Smith, the store manager, called Hamilton to the front. A man at the check stand was "trying to short-change a girl." (Tr. 16) The defendant came to the check stand, and said, "Is this your strong arm man?" Defendant put his right hand in his coat pocket and said, "These white so-and-so's can't do anything to us." They started out the door and Hamilton was advised by Smith to get their tag number. He went out the door into the parking lot and the defendant turned and fired at him. He (Hamilton) dropped behind a truck and yelled at the defendant; defendant turned and fired at him again. Defendant then ran down the street, turned, and fired another shot, and got into a car and fired two more shots. He then drove away in a two-tone GTO with a gold bottom the light vinyl top.

Officer Wreath testified that he arrested the defendant on December 13, 1970, and that he had been furnished a description of the defendant and the vehicle.

Jimmy Walker testified that he was in the Safeway Store on the morning in question. He heard a lot of commotion coming from one of the check stands. Walker heard a lot of "foul language" uttered by a person whom he identified in court as

the defendant. Defendant then ran out the door.

Deputy Coe testified that the Safeway Store was located in Oklahoma County, Oklahoma.

The trial court conducted an evidentiary hearing outside the presence of the jury concerning the circumstances of the lineup. James Hamilton testified that he identified the defendant at the lineup, based upon his observations at the store.

Officer Berglan testified that the defendant signed a waiver to an attorney at the lineup, and further testified concerning the physical makeup of the lineup.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

■ The next proposition contends that the punishment is excessive. From the foregoing statement of facts, we are of the opinion that the punishment imposed, although the maximum, does not shock the conscience of this Court.

■ Defendant's trial counsel urged below that former jeopardy had occurred because defendants had been convicted for the same incident of shooting, the victim being J. D. Smith. Defendant candidly admits that "at least one shot was fired at Hamilton outside while Smith was still inside the store. In any event, the following cases would seem to hold that where different persons are victims in the same unlawful act, former jeopardy does not arise:

"Morris v. Territory, 1 Okl.Cr. 617, 99 P. 760, 101 P. 111

Orcutt v. State, 52 Okl.Cr. 217, 3 P.2d 912

Fay v. State, 62 Okl.Cr. 350, 71 P.2d 768

Martin v. State, 46 Okl.Cr. 411, 287 P. 424

Glass v. State, Okl.Cr., 361 P.2d 230"

Judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs.