**Marvin R. GIBSON, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17992.**

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

W. Keith Thomas, James M. Springer, Jr., Stillwater, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Marvin R. Gibson, Jr., hereinafter referred to as defendant, was charged by Information in the District Court of Payne County, Case No. CRF–71–17, for the offense of Murder. Change of venue was granted to Logan County where defendant was tried and convicted by jury for the offense of Murder. His punishment was fixed at hard labor in the state penitentiary for life. From this judgment and sentence a timely appeal has been perfected to this Court.

The charge of Murder arose out of an automobile accident which the defendant is alleged to have wantonly caused. While being transported from Cushing to Stillwater, Oklahoma, in a police cruiser after being charged with the crime of Burglary, the defendant lunged from the back to the front seat across the driver's shoulder and forcibly attempted to take control of the steering wheel. This action caused the police cruiser to collide head-on with an oncoming vehicle. As a result, Payne County Deputy Sheriff Jerry Beall and Cushing Police Chief O. O. Rowden were fatally injured. The defendant was tried and convicted for the Murder of Jerry Beall in 1968. The present appeal is from conviction for the murder of O. O. Rowden.

Defendant contends on appeal first, the case should have been dismissed because double jeopardy applies; secondly, a visit to the jail by three jurors during an overnight recess from their deliberations was prejudicial to defendant and therefore required a new trial.

██ With regard to defendant's first contention, Oklahoma's rule is stated in Gordon v. State, Okl.Cr., 503 P.2d 917 (1972) which provides:

". . . [W]here different persons are victims in the same unlawful act, former jeopardy does not arise."

In light of *Gordon,* supra, defendant's first contention is without merit.

██ Defendant's second contention involves a serious matter. The facts are uncontradicted and they expressly show that three female members of the jury under the supervision of a bailiff separated from the rest of the jurors during the return of the jury from an overnight recess in their deliberations. During this brief separation, these ladies were escorted by the bailiff to the sheriff's office where the radio operator conducted a short, impromptu tour through the women's quarters and kitchen of the jail. The tour lasted approximately five to ten minutes and the ladies were at all times within about twenty-five feet of the bailiff. The visit was apparently suggested by one of the women and agreed to by the others because they had never seen a jail before. This side trip clearly violates 22 O.S. § 857 which prohibits separation of the jury during deliberations. This statute has been construed strictly and in light of the cases, we cannot condone such conduct. However, once such an incident has occurred the burden falls upon the prosecution to prove that no prejudice resulted to the defendant. Born v. State, Okl.Cr., 397 P.2d 924 (1965) certiorari denied 379 U.S. 1000, 85 S.Ct. 718, 13 L.Ed. 2d 701; McGowan v. State, Okl.Cr., 377 P.2d 975 (1963); Foreman v. State, Okl. Cr., 370 P.2d 34 (1962). In this case the

prosecution presented the testimony of six witnesses, including the three jurors involved, the sheriff, the bailiff, and the radio operator. The sum and substance of all the testimony was that the jail visit was innocent, without conversation or thought of the trial in progress, without thought of the defendant and resulted in no prejudice to the defendant. Although we emphasize the grave doubt cast on the bailiff's judgment for which we would chastise him, we are nevertheless compelled to hold in light of all the circumstances that the prosecution met its burden of proof and that this most irregular conduct cannot be made the basis of error requiring a new trial.

For all the above and foregoing reasons, this Court holds that the above judgment and sentence should be, and is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.