**Clifford Raymond BOLTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–544.**

Court of Criminal Appeals of Oklahoma.

June 27, 1983.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Clifford Raymond Bolton, was convicted of Robbery with Firearms, in Bryan County District Court, Case No. CRF–81–177, was sentenced to forty-five (45) years' imprisonment, and he appeals, raising several assignments of error.

■ In his first assignment of error, the appellant complains that his in-court identification by Danny Duerson, who was the store clerk on duty at the D W Quick-Mart convenience store in Calera, when it was robbed at gunpoint at about 8:30 p.m., on September 25, 1981, was tainted by a pretrial photographic display which was allegedly so impermissibly suggestive as to create a substantial likelihood of misidentification. We do not agree.

The record reveals that Bryan County Deputy Sheriff, B.J. Moore, showed a picture lineup to Duerson a couple of weeks after the robbery. Deputy Moore testified that he showed Duerson a folder containing eight (8) color photographs of individuals (State's Exhibit No. 1), and asked the clerk if he could identify the robber from the group. Duerson immediately pointed out a

photograph which was later identified as a picture of the appellant. Further, Moore related, at trial, that at the time of the showing he in no way suggested which, if any, of the photographs were of the suspected robber; rather, the deputy testified that he did not know himself which photograph was a picture of the suspect. The individuals in the photographic lineup appear to be generally of the same race, height, weight and age, and even include a picture of the appellant's brother, Burt, whom the defense alleged at trial, and reurges on appeal, is so similar in appearance to the appellant as to be easily mistaken for him. We are of the opinion that the pretrial showing followed the guidelines recommended in *Thompson v. State,* 438 P.2d 287 (Okl.Cr.1968), and was not in any way suggestive. This assignment of error is without merit.

In another assignment of error, Bolton contends that the trial court committed fundamental error in failing to deliver a cautionary instruction concerning eyewitness identification. We note that the witness had ample opportunity to observe the subject clearly, and he was positive of his identification and never waivered from it. Further, no request for such an instruction was made at trial; rather, the appellant specifically stated that he had no objection to the instructions. Also, this alleged error was not included in the appellant's motion for a new trial. This assignment of error has not been properly preserved for appeal, and even if it had been the cautionary instruction was not required under the circumstances. See, *Johnson v. State,* 653 P.2d 219 (Okl.Cr.1982); and *Cole v. State,* 646 P.2d 1298 (Okl.Cr.1982), and cases cited therein.

Appellant also alleges that the trial court committed reversible error in allowing evidence of the extrajudicial identification, citing *Towning v. State,* 521 P.2d 415 (Okl.Cr.1974), and *Hill v. State,* 500 P.2d 1075 (Okl.Cr.1972). As in *Towning,* supra, the appellant failed to timely object to the prosecutor's questioning of which he now complains. Further, the defense counsel extensively cross-examined on the subject and widened the scope of the testimony considerably. Moreover, this assignment of error is not included in the appellant's motion for a new trial. Any error which occurred was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see also, *Godwin v. State,* 625 P.2d 1262 (Okl.Cr. 1981).

Lastly, the appellant argues that his punishment is excessive. After a careful review of the record in this case, we are unable to say that the sentence imposed shocks the conscience of this Court; consequently, we find that this assignment of error is without merit. See, *McCoy v. State,* 534 P.2d 1317 (Okl.Cr.1975); and *Palmer v. State,* 493 P.2d 1116 (Okl.Cr. 1972).

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

CORNISH, J., concurs in results.