**Gloria Jean FRITZ, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-428.**

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1986.

E. Alvin Schay, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

PARKS, Presiding Judge:

The appellant, Gloria Jean Fritz was convicted by a jury in the District Court of Muskogee County, Case No. CRF–83–346, for the offense of Robbery with Firearms. She was sentenced to twenty-two (22) years imprisonment, and we affirm.

Appellant was tried jointly with her husband, Eathean A. Fritz, and the facts regarding this case may be found in the opinion on his separate appeal. *Fritz v. State*, 730 P.2d 530 (Okl.Cr.1986). Furthermore, two of the appellants five assignments of error are identical to those raised in her husband's appeal. Accordingly, her assignments of error one and five are rejected for the reasons stated in that case.

### I.

Appellant raises two claims regarding the finding of guilt by the jury. *First*, she claims that the jury's finding that she was an aider and abetter to the crime was erroneous, and, *second*, she contends that the instructions regarding this issue were improper. We disagree.

Regarding the sufficiency of the evidence, we have stated that the standard is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Spuehler v. State*, 709 P.2d 202, 203–4 (Okl.Cr.1985), quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, appellant was present in the store when the robbery commenced. Her husband's act of pulling a weapon and announcing his intent to rob the store invoked no response from appellant; only after Mr. Snyder began struggling did she announce that she was leaving. However, due to the amount of merchandise taken from the store, it is apparent that appellant's husband did not act alone in removing these items. Furthermore, when Mr. Snyder revived in the backroom, he heard the chime on his door ring twice, indication that two

people had left. Finally, when appellant was arrested, she was wearing some of the stolen property. This evidence is sufficient to support the jury's verdict.

■ Appellant also has challenged the accuracy of the trial court's instructions regarding aiding and abetting. The instructions in question were taken from the *Oklahoma Uniform Jury Instructions—Criminal,* Nos. 204 and 205. We have examined these instructions for error. Finding that they are not erroneous, this assignment of error is without merit.

## II.

■ Next, appellant alleges her sentence is excessive. We disagree. This Court has repeatedly held that it does not have the power to modify a sentence unless, by a study of all the facts and circumstances surrounding the conviction, the sentence is so excessive that it shocks the conscience of the court. *See, e.g., Bolton v. State,* 665 P.2d 854 (Okl.Cr.1983). Our collective conscience is not shocked by the sentence in this case.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is Affirmed.

BRETT and BUSSEY, JJ., concur.