Marcia Lynn **WHITTMORE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–85–115.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1987.

Hank Welch, Hugo, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Mary Quinn, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Marcia Lynn Whittmore, was charged by information with two (2) counts of Manslaughter in the First Degree, Case No. CRF-83-159. She was tried before a jury in the District Court of Bryan County and found guilty of two counts of Negligent Homicide in violation of 47 O.S.1981, § 11-903. The jury assessed the maximum penalty allowable by statute of one year imprisonment and a $1,000.00 fine for each count. It is from this judgment and sentence appellant has appealed.

On June 5, 1983, at approximately 8:30 in the morning, appellant was the driver and sole occupant of her automobile which was involved in a head-on collision with the decedents' automobile. She sustained multiple fractures and head injuries. The two occupants of the other vehicle were found dead at the scene. At trial, the State produced witnesses who testified to the erratic driving of appellant just prior to the accident. An eyewitness testified that the accident occurred on the left side of the highway in the decedents' traffic lane. The State also produced witnesses who stated appellant was combative and abusive at the scene, had slurred speech, and had an odor of alcohol on her breath. Appellant testified that, although she had been drinking the evening before, she was not under the influence of alcohol at the time of the accident.

For her first assignment of error, appellant contends that the introduction of the pictures of the decedents in the form of their driver's licenses served no probative purpose and prejudiced her.

The investigating officer testified he identified the victims from their driver's licenses found on their persons at the scene of the accident. Appellant made a timely objection to the admission of the licenses as evidence. In *Oxendine v. State*, 335 P.2d 940 (Okl.Cr.1958), the court stated that photographs of a homicide victim were inadmissible unless they were relevant to some material issue and would reasonably assist the jury in determining the defendant's guilt. Further, this relevancy should outweigh the danger that the jury would substitute emotion for reason. As noted in *Newbury v. State*, 695 P.2d 531 (Okl.Cr. 1985), this Court does not encourage photographs of victims taken before their demise; and, even when relevant, cautions prosecutors to first seek alternative forms of proof that are less prejudicial. Accordingly, we find that there was no purpose served by allowing the jury to view the pictures of the deceased even in the innocuous form of driver's license photos. The identity of the decedents was not in issue. It is enough to know that two people were in the car and were found dead of injuries received in the collision of their automobile with appellant's. However, after a full review of the record, we do not find the viewing of the photos by the jury constitutes reversible error in and of itself in light of the other evidence presented.

The second and fourth assignments of error will be considered together as they address the same issue. Appellant contends that the State improperly admitted opinion evidence by failing to establish that the opinions had a sufficient factual basis; and in allowing that evidence, which invaded the province of the jury, Instruction No. 14 was improperly given.

The appellant properly cites 12 O.S.1981, § 2701 which allows a lay witness to render his opinion on a matter when it is rationally based on the facts and is helpful to a clear understanding of his testimony or the determination of a fact in issue. Appellant objects to the admission of the personal opinions of a police officer and a physician who testified that, based on their observations of appellant after the accident and the fact that appellant had an odor of alcohol about her person, they believed she was intoxicated.

■ The record reflects that both witnesses had occasion to spend enough time with appellant to form an opinion about her state of intoxication. Instruction No. 14 stated that proof of intoxication need not be made by expert testimony, but a witness may describe the facts and circumstances which led to his conclusion or simply state his opinion as to the fact of intoxication or soberness. The jury was further instructed they were not bound to accept the opinion but could give it the weight to which they felt it was entitled based on the underlying facts upon which it was predicated. Admission requirements for lay opinion evidence since the enactment of the Evidence Code in 1978 have been substantially liberalized. If an opinion rationally based on the perception of the lay witness is helpful to the jury, it is within the discretion of the trial judge to admit the testimony. *See, McCormick on Evidence*, § 11 at 27–29. (E. Cleary 3rd ed. 1984) *Green v. State*, 713 P.2d 1032, 1039 (Okl.Cr.1985). We do not feel the trial court abused its discretion in allowing the testimony; and accordingly, the jury instructions were appropriate.

The appellant next contends that she was prejudiced in the preparation of her defense by the failure of the court to strike portions of the information as requested until the day of trial and then further failing to grant a continuance once the motion to strike was granted. This Court is having a difficult time adducing either from the appellant's brief *or* from the trial transcript the rationale for this belief.

■ Appellant was originally charged with First Degree Manslaughter in violation of 21 O.S.1981, § 711 with the underlying misdemeanor being either 1) driving under the influence, 2) driving left of center, or 3) driving in a careless and reckless manner. On the day of trial, underlying misdemeanor bases 2 and 3 were stricken as inappropriate underlying misdemeanors to support a First Degree Manslaughter charge. This was in light of the enactment of 47 O.S.1981, § 11–903, the Negligent Homicide Statute. A charge of First Degree Manslaughter is still appropriate, however, when the underlying misdemean-

or is DUI. *Ritchie v. Raines*, 374 P.2d 772 (Okl.Cr.1962), *White v. State*, 483 P.2d 751 (Okl.Cr.1971). Regardless of whether misdemeanor bases 2 and 3 were stricken, the appellant still had to come to court prepared to defend against a First Degree Manslaughter charge. Where the basic thrust of the charges are identical, to-wit: that appellant was in the commission of a misdemeanor and the deaths occurred as a direct result of an act or event which occurred during that time, there can be no merit in an allegation that deleting two of the underlying misdemeanors would substantially alter the appellant's defense strategy. *See Grizzle v. State*, 559 P.2d 474 (Okl.Cr.1977) (where amending an information which charged First Degree Murder to one charging Second Degree Murder was not such an alteration as to demand a new preliminary examination); *Simmons v. State*, 549 P.2d 111 (Okl.Cr. 1976) (information may be amended even after trial begins as long as it does not prejudice the defendant). There is no merit in this allegation of error.

■ For her fifth assignment of error, appellant maintains that she should only be charged with one count of Negligent Homicide in that she committed only one act which resulted in the deaths of two persons; and therefore, a conviction upon two counts violates her rights against double jeopardy. It should be noted that the authority cited by appellant concerns the violation of two distinct statutory provisions and is not applicable to her case. The purpose of the double jeopardy clauses of the Oklahoma and Federal Constitutions is to protect a person from being twice prosecuted for the same offense and the infliction of multiple punishments for a single offense. *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980) *cert. denied* 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981). Offenses committed against different individual victims are not the same for double jeopardy purposes though they arise from the same episode. *Clay v. State*, 593 P.2d 509 (Okl.Cr.1979). *See also Fay v. State*, 62 Okl.Cr. 350, 71 P.2d 768, 771 (1937) (a party driving an automobile which injures two or more persons can be prosecuted for

the injury of each and there are as many separate and distinct offenses as there are persons injured by the unlawful act). The crime in the instant case was committed against two individuals and as such merited two distinct charges. This assignment is without merit.

For her final assignment of error, appellant maintains that the sentences imposed upon her were excessive. The sentences were the result of improper considerations by the jury operating to deprive appellant of due process of law and constitute cruel and unusual punishment.

 As noted, the only error we consider of merit is the introduction of the pictured driver's licenses of the decedents. While unnecessarily cumulative, this error standing alone, does not persuade this Court that it resulted in a conviction based on passion rather than reason or provoked the jury to impose a higher sentence than they would otherwise have done. When the sentence is within statutory limits, it will not be modified unless after a review of all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Bolton v. State*, 665 P.2d 854, 855 (Okl.Cr.1983).

After reviewing the record of trial before this Court, we are of the opinion that the judgments should be affirmed, but we are also of the opinion that the interests of justice will be better served if the sentences are made to run concurrently instead of consecutively. It is therefore ordered that the judgments shall be affirmed with the provision that the sentences for Count I and Count II shall be made to run concurrently.

Counsel is further admonished, insofar as considerable time has elapsed since this trial was conducted and other evidence of appellant's conduct is available, that he may proceed under the provisions of 22 O.S.1981, § 994, for a suspension of sentence within ten days from the date the mandate of this Court is issued.

The judgments and sentences in CRF-83-159, as modified are affirmed.

BUSSEY, J., concurs in part, dissents in part.

PARKS, J., concurs.

BUSSEY, Judge, concurring in part, dissenting in part.

While I agree that the judgment should be affirmed, I must dissent to the modification of the sentences to run concurrently.