Eddie McCONNELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–104.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1987.

James E. Gotcher & Associates, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Eddie McConnell, appellant, was tried by jury and convicted of Robbery by Two or More Persons [21 O.S.1981, § 800], in Case No. F-85-5, in the District Court of Pittsburg County, the Honorable Steven W. Taylor, Associate District Judge, presiding. The jury assessed punishment at five (5) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict, with two (2) years imprisonment suspended.

This conviction arose from the collection of a disputed debt by use of force and violence. The appellant and the victim formerly were partners in a business venture. The appellant claimed the victim owed him $350.00 as his share of the proceeds of that venture. The victim disputed the debt.

On December 28, 1984, the victim was sitting in his car in an alley behind his parent's home. The appellant and Thomas Hope drove into the alley and blocked the victim's car, preventing his escape. The appellant asked the victim if he had any money, to which the victim responded he did not. The appellant punched the victim in the nose, breaking it. While the victim was slumped in the front seat, Thomas Hope struck the victim two or three times on the back of the neck and head with a blackjack, and removed the victim's jacket and a tool belt containing his work tools from the back seat of the car. The appellant claimed at trial that he saw a knife in the victim's hand, which is why he broke the victim's nose. As the appellant and Thomas Hope fled the scene, the appellant warned the victim, "If you tell the police, you're dead." This comment was overheard by the victim's mother. The appellant later telephoned the victim's mother and told her they took the property in satisfaction of the debt, and the property

would be returned if the charges were dropped. This conversation was recorded by the mother and played back to the jury during the trial. Thomas Hope plea bargained with the State for a reduced sentence and testified for the State against the appellant. The terms and conditions of the plea bargain were revealed to the jury at the start of testimony.

For his first two propositions of error, the appellant asserts first that reversible error occurred when the trial court failed to define "criminal intent" for the jury in the instructions; second, that it was error for the trial court to refer back to the instructions previously given when the jury, during their deliberations, requested an instruction defining "criminal intent".

■ The issue raised here is whether the jury sufficiently understood the term "criminal intent" to determine whether the appellant intended to commit the crime with which he was charged. Here, the appellant was charged as a principal by aiding and abetting Thomas. Hope in permanently depriving the victim of his property. Jury instruction No. 7 informed the jury that "[T]o aid and abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting, or aiding in the commission of that criminal offense," which was taken from OUJI–CR 205. We find that such instruction defined the criminal intent necessary for conviction of the crime with which the appellant was charged. *See Fritz v. State*, 730 P.2d 535, 537 (Okla. Crim.App.1986).

■ Additionally, the appellant did not offer any alternate instructions defining criminal intent. When the jury requested, during their deliberations, that the term criminal intent be defined, the trial judge responded by instructing the jury that "[Y]ou have been given the instructions of law necessary to decide this case. Your question can be answered by reviewing the instructions," and the appellant expressly agreed with the manner in which the court responded to the jury's request. Reviewing the entire record, including the instructions given, we find the appellant has not

been deprived of a substantial right requiring reversal of the conviction. *See Millwood v. State,* 721 P.2d 1322, 1325 (Okla. Crim.App.1986). This assignment of error is without merit.

■ For his third and final assignment of error, the appellant asserts that it was error for the district attorney to recall the appellant for additional cross-examination concerning his former convictions. The appellant testified to his peaceful and law abiding nature on direct examination. Under 12 O.S.1981, § 2609, prior criminal convictions may be elicited from the accused by the State on cross-examination for impeachment purposes. However, the prior conviction must either (1) involve dishonesty or false statement, Section 2609(A)(1), or (2) involve a crime punishable by death or imprisonment in excess of one (1) year, and the probative value of admitting the conviction must outweigh its prejudicial effect, Section 2609(A)(2). If more than ten (10) years have elapsed since the date of conviction or release, Section 2609(B) requires the trial court to conduct a balancing test to determine whether the probative value of admitting the conviction substantially outweighs its prejudicial effect. *See Robinson v. State,* 743 P.2d 1088, 1090 (Okla.Crim.App.1987).

The State sought to impeach the credibility of the appellant by showing that he was convicted of two felonies in federal court. On cross-examination, the appellant was very evasive and uncooperative, but the State finally established that the appellant had been convicted of two separate offenses for possession of marijuana within the previous ten years. The State, on initial cross-examination, failed to establish that each conviction was punishable by a term of imprisonment in excess of one (1) year. The State, however, recalled the appellant and established that he was sentenced to serve two years on each conviction, thereby satisfying the requirements of 12 O.S.1981, § 2609(A)(2). We find no error in recalling the witness for the purpose of completing the requirements of the statute. This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.