Genaro **MARTINEZ, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0467–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 23, 1982.

E. Neil Lane, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a conviction for attempted capital murder. The appellant entered a plea of guilty before the court and the judge assessed a 25 year prison term based on a pre-sentence report.

This charge arose out of a situation where two officers of the City of Pasadena had pursued the appellant as a suspect in an aggravated robbery case. During the apprehension of the appellant, one of the officers dropped his weapon. The appellant allegedly seized the weapon and shot both officers.

The appellant brings forth two grounds of error, each of which complains of the trial court's failure to grant a pre-trial motion. In the first ground of error, he asserts that the trial court erred in overruling his Special Plea of Double Jeopardy.

The basis for the appellant's argument is that prior to his plea of guilty in this cause, he had been prosecuted and convicted under Cause No. 294311. The indictment in Cause No. 294311 originally contained two counts. The first count charged the appellant with attempted capital murder by shooting Officer M.W. Stewart. The second count charged the appellant with attempted capital murder by shooting Officer R.L. White. Prior to the beginning of the trial in Cause No. 294322, and before a jury had been empaneled and sworn, the prosecution dismissed the second count of the indictment and proceeded to trial on the first count. The appellant was convicted in Cause No. 294311, and sentenced to twenty-five years imprisonment. Following his conviction, the appellant was reindicted for the attempted capital murder of Officer R.L. White under Cause No. 302150, the present case. After a hearing, the trial court overruled the appellant's pretrial motion in which he argued that he was being put in double jeopardy by a reindictment and trial under Cause No. 302150.

■ This is not a case involving the application of the carving doctrine, recently abandoned by the Court of Criminal Appeals, but one involving the jeopardy provisions of the Federal and State Constitutions. These constitutional provisions speak of double jeopardy in terms of the "same offense" rather than the "same transaction." Prosecutions for multiple offenses occurring in one criminal transaction are prohibited only when in violation of the double jeopardy clauses of the Federal and State Constitutions. The Supreme Court, through its decision in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), has provided a test defining the "same offense:"

> "The applicable rule is that when the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a *fact* which the other does not."

■ Even though there may be a substantial overlap in the proof of each offense, the *Blockburger* test will be satisfied if one offense requires the proof of a *fact* the other does not. *Brown v. Alabama,* 619 F.2d 376 (5th Cir.1980).

 In the instant case, the two charged offenses occurred during the same transaction. However, they are separate offenses involving the shooting of two different people. Each offense requires proof of a different complainant. Consequently, the *Blockburger* rule will not preclude two convictions here.

 Furthermore, the fact that the allegation in the present case was originally dismissed prior to the jury being empaneled and sworn in Cause No. 294311, precludes a finding of double jeopardy. *Ex Parte Myers,* 618 S.W.2d 365 (Tex.Cr.App.1981); *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr. App.1979).

We overrule appellant's first ground of error.

In his second ground of error, the appellant maintains that the trial court should have granted his motion to dismiss his indictment because he was not brought to trial in this cause within 120 days of the commencement of the criminal action. It is not necessary for us to reach this issue, however, because the appellant pled guilty to the indictment.

 The statutory right to a speedy trial is not preserved for appeal by a written motion filed prior to a plea of guilty pursuant to article 44.02, V.A.C.C.P. *Flores v. State,* 606 S.W.2d 859 (Tex.Cr.App.1979).

The Speedy Trial Act, Article 36A.02, Section 3 provides:

> "The failure of a defendant to move for discharge under the provisions of this Article prior to trial or the entry of a plea of guilty constitutes a waiver of the right awarded by this Article."

The Court of Criminal Appeals has interpreted this statute to mean that "failure" and "entry" are the two compound subjects of the sentence. This construction requires that the statutory right of speedy trial be deemed waived either by failure to have moved for discharge or by the entry of a guilty plea. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981); *Flores v. State, supra.* This is an exception to article 44.02, V.A.C.C.P., which merely sets forth condi-

tions that must be satisfied before an appellate court can assume jurisdiction following a plea of guilty.

Ground of error number two is overruled.

The judgment is affirmed.