Timothy Edward JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–83–00583–CR, 04–83–00584–CR.

Court of Appeals of Texas,
San Antonio.

May 31, 1985.

Mark Stevens, San Antonio, for appellant.

Barbara Hervey, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant was convicted on two cases of involuntary manslaughter consolidated for trial. TEX.PENAL CODE ANN. § 19.05 (Vernon 1974). The jury found appellant guilty as charged and assessed punishment in each case at ten years' confinement. The sentence was probated.

This case concerns the collision of an auto and a truck on July 18, 1982, at Loop 1604 in Bexar County. The automobile, operated by Yolanda Guerra, was proceeding west and the truck, operated by appellant, was traveling east. Ramon Guerra and Yvonne Guerra, passengers in the automobile, were killed. Officer Tijerina investigated the accident and filed a report indicating that appellant was driving in the wrong lane and was at fault. Subsequently, the officer, believing he made a mistake on his first report, filed a second report stating that Yolanda Guerra was in the wrong lane of traffic and had caused the accident. Appellant is the nephew of Lieutenant Alvin Johnson of the Bexar County Sheriff's Office, and there was a suggestion that the second report was a cover-up.

The trial court granted appellant's motion in limine excluding any evidence concerning an alleged cover-up, but ruled that Officer Tijerina's second report was made voluntarily.

The sufficiency of the evidence is not challenged. Appellant initially complains of improper and prejudicial jury argument, outside the record, by the prosecutor. Specifically, he alleges the following prosecutor's arguments were harmful and not supported by the evidence: (1) "that the answer to all questions of irregularities in the case was to be found in who Timothy Johnson's uncle is"; (2) "that Timothy Johnson's uncle is Alvin Johnson"; (3) that "Alvin Johnson is a lieutenant in Bexar County Sheriff's Department"; and (4) that the absent witness, "Wally Ramos like Alvin Johnson is a lieutenant in the sheriff's department." Our review of the record indicates that appellant, during argument at the guilt-innocence phase of the trial, referred to the two police reports, stating, "The case was beginning to have the appearance of some irregularity." Appellant also suggested that the State witness, Yolanda Guerra, stonewalled during cross-examination and alluded to ten missing color polaroid photographs not in evidence, insinuating that the State withheld the photographs.

Proper jury argument has been approved in the following areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). Texas courts will find reversible error where the argument (1) is manifestly improper, harmful and prejudicial; (2) is violative of a statute; or (3) injects new and harmful facts into the case. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Crim.App. 1981). But such error is not reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, harmful and prejudicial. *Cannon v. State,* 668 S.W.2d 401, 404 (Tex. Crim.App.1984). In this case, the State

contends that the argument outside the record was invited. The invited error rule allows the prosecutor to go outside the record in his argument to respond to appellant's argument that was outside the record. *Thornton v. State*, 542 S.W.2d 181, 183 (Tex.Crim.App.1976). But the prosecutor is not granted a license to argue beyond the scope of the invitation. *Rodriguez v. State*, 520 S.W.2d 778, 780 (Tex. Crim.App.1975).

■ The State concedes that there is no evidence in this record concerning the relationship of appellant and his uncle, Alvin Johnson. Therefore, District Attorney Sam Millsap's argument to the jury, "that the answer to all questions of irregularities in the case were to be found in who Timothy Johnson's uncle is," that Timothy Johnson's uncle is Alvin Johnson," and "Alvin Johnson is a lieutenant with the sheriff's department," was outside the record and in view of the record as a whole, extreme, manifestly improper, harmful and prejudicial. The court had previously granted appellant's motion in limine to exclude all evidence in reference to an alleged cover-up and overruled all efforts by the State to examine witnesses concerning the relationship of appellant and his uncle. The State argues that appellant, during argument, raised the question of irregularities and as a result thereof, opened the door permitting the State to respond under the invited error rule. The record, however, reflects that appellant alluded to irregularities with the two conflicting police reports, which were part of the record. The invited error rule was not applicable on this issue. Accordingly, we sustain the first three grounds of error.

■ The State, during argument, commented that "Wally Ramos like Alvin Johnson is a lieutenant in the sheriff's department." Appellant's objection was sustained and the trial court instructed the jury to disregard. The State did argue as to a matter not in evidence; however, the error was cured by the instruction to disregard. *Curtis v. State*, 519 S.W.2d 883, 888 (Tex.Crim.App.1975). The fourth ground of error is overruled.

Appellant's next complains that the trial court erroneously denied him the right to impeach the witness Petra Flores. The contention is that the trial testimony of this witness was injurious and surprised appellant and that the denial of the right to impeach the witness with prior inconsistent statements violated Rule 607, Texas Rules of Evidence, and the Due Process Clause of the United States and Texas Constitutions. The record shows that Petra Flores, a passenger in the Guerra vehicle, had previously made prior sworn inconsistent statements. First she made a written statement to an officer in the sheriff's office stating that her sister "moved to the left into the oncoming [east bound] lane" just prior to the accident. Later she made a written statement at the district attorney's office stating that her sister started to move to the left at the time of the collision. In her deposition, the witness said that the oncoming vehicle was in their lane, so her sister moved to the left to the east bound lane; the oncoming vehicle then moved back and collided with them. Her trial testimony was that the accident occurred on the westbound lane.

■ The State did not call Flores as a witness, and during trial appellant declined an invitation to interview Flores in the district attorney's office. Subsequently, the prosecutor advised appellant that Flores, if called as a witness, would deny that Yolanda Guerra drove her vehicle into the eastbound lane. Flores was then called as a witness for the defense whereupon the prosecutor advised the court concerning what Flores' testimony would be as to the point of impact, and requested that appellant be instructed not to inquire about the witness's statement to the sheriff's office. The State alleged that the foreknowledge as to her testimony precluded a claim of surprise. After a hearing outside the presence of the jury, the court found that appellant was not surprised and ordered appellant not to impeach the witness. TEX.

CODE CRIM.PROC.ANN. art. 38.28 (Vernon 1979) provides in pertinent part:

A party may, when testimony of his own witness is injurious to his cause, attack the testimony in any other manner except by offering evidence of the witness' bad character.

The general rule in this regard is that a party may not impeach his own witness unless the witness testifies to facts injurious to his case and he demonstrates that he was surprised by the testimony. *Ortega v. State*, 659 S.W.2d 35, 38 (Tex.Crim.App. 1983); *Puckett v. State*, 640 S.W.2d 284, 287 (Tex.Crim.App.1982). In order to show surprise the party must show prior conversations or statements by the witness, outside the presence of the jury. *Houston v. State*, 626 S.W.2d 43, 45 (Tex.Crim.App. 1981).

In this case, the trial testimony of the witness Flores that the point of impact was in the westbound lane was injurious to the central defensive issue and provided appellant with a valid claim of surprise. It is highly probable that a different verdict would have resulted had the court permitted the impeachment of this witness with her prior inconsistent statement. The State argues that foreknowledge of the witness's statement precluded impeachment, citing *Goodman v. State*, 665 S.W.2d 788, 792 (Tex.Crim.App.1984).

■ The foreknowledge in this case did not come from the witness but from the prosecutor. Appellant had a right to expect that her trial testimony would be consistent with the two prior sworn statements; it was not necessary that appellant talk to the witness before placing her on the stand. *Hunnicutt v. State*, 523 S.W.2d 244, 247 (Tex.Crim.App.1975). Ground of error five is sustained; therefore, we do not reach grounds of error six and seven on the same question.

In ground of error nineteen of Cause No. 04–83–00584–CR, appellant alleges that multiple convictions for the offense of involuntary manslaughter arising out of the same automobile accident violate the double jeopardy clause of the United States and Texas Constitution. The double jeopardy clause of the fifth amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Article I, section 14 of the Texas Constitution states: "No person for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." In this case, appellant was separately indicted on two cases charging involuntary manslaughter arising out of the same accident. The cases were consolidated for trial with the apparent consent of appellant since there is no issue on the joinder of the cases.

■ In *Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex.Crim.App.1982) the court, after abandoning the carving doctrine, stated:

[W]e will now decide double jeopardy questions under the strict construction of the Constitutions of the United States and of this State. The prohibitions against being twice put in jeopardy for the same offense requires a test for defining the "same offense." The Supreme Court of the United States has provided such a test:

[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In this case it is undisputed that the death of the two victims was caused by the same negligent act, at the same time and place. But each offense required proof of facts and elements which the other does not, thus meeting the test of *Blockburger, supra*. Additionally, we hold that the identity of each victim was part of the State's burden of proof. Most courts hold that there are as many separate and distinct

offenses as there are persons injured or killed by the unlawful operation of a motor vehicle, so that successive prosecutions may be instituted against the person who committed the unlawful act without violating the rule against double jeopardy. *See, e.g., People v. Winquest,* 115 Mich.App. 215, 320 N.W.2d 346 (1982); *State v. Seidschlaw,* 304 N.W.2d 102 (S.D.1981); *State v. Rabe,* 96 Wis.2d 48, 291 N.W.2d 809 (1980); *see* 7 AM.JUR.2d *Automobiles and Highway Traffic* § 391 (1980). Accordingly, the claim of double jeopardy is overruled.

We do not find it necessary to review the other points of error since on retrial they are unlikely to reoccur.

The judgments of the trial court are reversed and the causes remanded.