**Allen Eugene HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–85–600–CR, A14–85–603–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1986.

Kenneth Sparks, Houston, for appellant.

John B. Holmes, Jr., Eleanor McCarthy, Karen McAshan, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant was indicted for involuntary manslaughter for the death of two different people—one of whom was named in each of two separate indictments. On his plea of guilty to the court in each case, his punishment was assessed in each case at ten years confinement and a fine of five thousand dollars. Issues on appeal concern the admissibility of evidence contained in a pre-sentence investigation report; the validity of the conviction for two offenses arising from one culpable act; the validity

of restitution orders; and whether appellant's plea of guilty was voluntarily entered. Except for the claim of double jeopardy made only in our Cause No. A14–85–603–CR, the issues are identical. We have consolidated the cases and affirm.[1]

At approximately 2:30 A.M. on April 15, 1983, appellant was driving an automobile owned by one of his two female passengers on Westheimer when he collided with a garbage truck, killing both of his passengers. His blood test showed intoxication.

■ In his first ground of error appellant contends the trial court abused its discretion in "assessing a prison sentence" based upon unproven charges contained in the pre-sentence investigation report. The charges of which appellant complains were an arrest for a liquor violation in August 1984 and an arrest for driving while intoxicated in June 1985, both of which charges were pending in court at the time of the hearing on punishment following appellant's plea of guilty. There was no objection to the report or to the entries of which complaint is now made. The alleged error is not preserved for appellate review. If the matter was properly before us, we observe that appellant, while testifying at the punishment hearing, testified, again without objection, concerning both charges. No error is shown.

In his second ground appellant contends the court erred in convicting him of both charges of involuntary manslaughter because both causes involved only one culpable act. Appellant cites only one case in support of his argument—*Ex parte Rathmell*, 664 S.W.2d 386 (Tex.App.—Corpus Christi 1983, pet. granted). There, as a result of driving while intoxicated, the accused struck another automobile, killing two of its occupants. While the reasoning of the court may be open to some debate it appears their result that the accused could not be tried for both deaths was not based upon jeopardy grounds, but instead was based upon a finding of a lack of legislative

intent "to allow multiple prosecution for the results of one act." *Rathmell*, 664 S.W.2d at 390. On the other hand the San Antonio court of appeals recently held in *Johnson v. State*, 693 S.W.2d 707, 710–11 (Tex.App.—San Antonio 1985, pet. granted) on facts identical to those in the *Rathmell* case that the claim of double jeopardy was without merit. That court did not refer to the *Rathmell* case, nor did it consider the issue upon which *Rathmell* was decided.

■ While there has been much turmoil in case law involving double jeopardy, it appears to be settled that the Double Jeopardy Clause of the United States Constitution provides three related protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

Both the Fifth Amendment of the United States Constitution and Article I, Section 14 of the Texas Constitution guarantee that one shall not be twice placed in jeopardy "for the *same offense*." Texas courts complicated the problem when the carving doctrine was adopted. However, the carving doctrine was not mandated by the Double Jeopardy Clauses. *Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex.Crim.App. 1982). And now that the carving doctrine has been abolished, it is clear that "double jeopardy questions [will be decided] under the strict construction of the Constitutions of the United States and of this State." *McWilliams*, 634 S.W.2d at 824. It appears plain that the test to be applied in determining whether there are two offenses or only one is "whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). And while the court was there concerned with the

---

**1.** Reference to the grounds of error by number will be as presented in appellant's brief in our

Cause No. A14–85–603–CR.

same act or transaction being violative of two statutes, the reasoning likewise applies to the facts of this case where two different people were killed in violation of one statute. This is so because conviction for one offense requires proof of a fact that conviction for the other offense does not require, i.e. the identity of the deceased. *Johnson,* 693 S.W.2d at 710–11, *Martinez v. State,* 646 S.W.2d 483 (Tex.App.—Houston [1st Dist.] 1982, no pet.). This is the majority rule. *State v. Fredlund,* 200 Minn. 44, 273 N.W. 353, 357 (1937); *State v. Whitley,* 382 S.W.2d 665, 667 (Mo.1964); *Gibson v. State,* 512 P.2d 1399, 1400 (Okla. Crim.App.1973); *State v. Seidschlaw,* 304 N.W.2d 102, 107 (S.D.1980); *State v. Irvin,* 603 S.W.2d 121, 124 (Tenn.1980); *State v. Myers,* 298 S.E.2d 813, 815 (W.Va.1982); *State v. Rabe,* 96 Wis.2d 48, 291 N.W.2d 809, 821–22 (1980); *Vigil v. State,* 563 P.2d 1344, 1351 (Wyo.1977); *Hanemann v. State,* 221 So.2d 228, 230 (Fla.Dist.Ct.App. 1969). We, therefore, agree with the holding of the San Antonio court of appeals that there is no violation of double jeopardy.

In deciding the *Rathmell* case as it did, the court there stated:

> Before considering the jeopardy implications of a statute a court must first have determined that there was legislative intent to permit or impose a possible double punishment. *Rathmell,* 664 S.W.2d at 390.

This appears to be contrary to the reasoning of the court of criminal appeals in *McWilliams,* where the court stated:

> Neither the Federal nor State Constitutions nor Texas statutes prohibit multiple prosecution for two statutory offenses committed in the same transaction. The constitutional provisions speak of double jeopardy in terms of the 'same offense' rather than "same transaction." The Supreme Court of the United States in *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) stated that the power to define offenses lies in the legislature:

> "[O]nce Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution' that prescription determines the scope of protection afforded by a prior conviction or acquittal."

This deference which the Supreme Court has shown to the United States Congress should also be shown by this Court to the Texas Legislature. Not only has the legislature clearly defined and separated criminal offenses; it has also made known, directly and indirectly, its intent insofar as multiple prosecutions are concerned. In Chapter 3 of the Texas Penal Code (1974) multiple prosecutions of property offenses are considered. It appears the legislature intended to *exclude other offenses* from this provision, and to allow prosecutions for each offense occurring within one criminal transaction. *Prosecutions for each offense, other than property offenses occurring in one criminal transaction are to be prohibited only when in violation of the double jeopardy clauses of the Federal and State Constitutions.* (emphasis supplied). *McWilliams,* 634 S.W.2d at 823.

We therefore decline to follow the reasoning of the court in *Rathmell.* Where different persons are victims in the same unlawful act, double jeopardy does not arise. Appellant's second ground is overruled.

■ In his third ground appellant contends the court erred in ordering restitution as a condition of parole. Appellant acknowledges that Article 42.12, Sec. 15(g), Code of Criminal Procedure provides, in pertinent part:

> Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court and entered in the sentence of the court which sentenced

the prisoner to his term of imprisonment.... Tex.Code Crim.Proc.Ann. art. 42.12, § 15(g) (Vernon Supp.1986).

He argues however that Article 42.12 governs only probations and therefore this provision would only permit the judge to insert the restitution as a condition of parole where probation has been revoked. The 69th Legislature deleted many of the provisions concerning parole from Article 42.12, although section 15(g), as amended, is still included in that article. The legislature reenacted the deleted provisions and duplicated some of those which were not deleted under Article 42.18 of the Code of Criminal Procedure entitled "Adult Probation and Mandatory Supervision Law." Tex.Code Crim.Proc.Ann. art. 42.18 (Vernon Supp. 1986). Section 8(g), thereof, is in identical wording to the provision of Section 15(g) of Article 42.12. Tex.Code Crim.Proc.Ann. art. 42.12 § 15(g) and art. 42.18 § 8(g) (Vernon Supp.1986). We have previously held Article 42.12, Sec. 15(g) authorizes the trial court to set restitution as a condition of parole upon revocation of probation. *Vanderburg v. State*, 681 S.W.2d 713, 720 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). We now hold that Tex.Code Crim. Proc.Ann. art. 42.18, Sec. 8(g) authorizes the trial court to set restitution as a condition of parole where probation is not granted. Appellant's third ground is overruled.

In his fourth ground appellant contends the trial court "erred in ordering restitution as a condition of parole without sufficient evidence to support the amount of restitution ordered." We are aware the rule has been that recitations in a pre-sentence investigation report are an insufficient basis for the amount of restitution ordered by the court. If this rule still survives, *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App.1980) authorizes this court to abate the appeal and direct the trial court to conduct a hearing to determine the proper amount of restitution.

In this case the record shows the pre-sentence investigation report was formally received into evidence without objection from appellant. The pre-sentence investigation report contained listed expenses for one of the deceased females totalling $32,107.21 which included medical expenses, funeral expenses and damage to the vehicle. The report contained a letter from the mother of the other deceased female listing expenses totalling $4,754.04 which included funeral expenses and expenses for returning her personal belongings and her baby to her home in New York. Admittedly, these recitations are hearsay. However, as above stated, there was no objection to the report nor was the accuracy of any of these amounts challenged.

We hold the recent opinion of the court of criminal appeals in *Chambers v. State*, 711 S.W.2d 240, decided 1986, applicable to the issue as it is presented by this record. There, the court adopted the majority rule and announced that "inadmissible hearsay admitted without objection [will be treated] the same as all other evidence in the sufficiency context, i.e., it is capable of sustaining a verdict." The unobjected to evidence included in the presentence investigation report, although it is hearsay, is sufficient to sustain the verdict ordering restitution in the amount of $36,-861.25 as a condition of parole. Accordingly, appellant's fourth ground is overruled.

In his fifth ground appellant contends the court erred "in ordering restitution as a condition of parole to a non-victim." As a part of the restitution order the court included the figure of some $22,789.16 which had been paid by an insurance company for the hospital expenses for one of the deceased. A separate judgment was entered in each case, but the restitution order in both judgments was identical:

As a condition of parole the defendant must make restitution in the total amount of $36,861.25; to the conplainant's (sic) (1) Jeannette H. Covey—$32,-107.21. (2) Tami Reed—$4,754.04 at the rate of $350.00 per month as ordered by the Court.

In his argument under this point appellant states that the court was without authority to order restitution to a non-victim. He reasons that since each judgment required

restitution as a condition of parole to both complainants, the restitution order should be set aside because "a complainant in another case" does not qualify as a victim. Likewise, he argues an insurance company cannot qualify as a victim.

In *Bruni v. State,* 669 S.W.2d 829, 836 (Tex.App.—Austin 1984, no pet.), the court held that the trial court was without authority to order restitution to one not named in the indictment. There the trial court ordered restitution to a person not named in the indictment for money stolen from her in addition to the restitution of the money stolen from the victims of the theft alleged in the indictment. We do not believe that rule is here applicable.

 We hold that in a case such as this where the accused is convicted of two crimes arising out of the same transaction and where identical sentences are imposed so that when paroled he is paroled on both sentences, it is appropriate to include in both judgments the restitution order. This will better provide the Board of Pardons and Paroles the proper basis for carrying out their duties. We reject appellant's contention that the insurance company which was required to pay some $23,000 because of appellant's unlawful act is not a "victim" of his crime. Among other definitions for the term "victim," *Websters Third New International Dictionary, Unabridged,* 1967, defines a victim as "anyone who suffers either as a result of ruthless design or incidentally." We believe the insurance company was a "victim" and it was within the discretion of the trial court to order restitution to it. We find no abuse of discretion. The fifth ground is overruled.

 In his final ground, appellant contends the court erred in accepting his plea of guilty which was not voluntarily entered. While the arguments made in support of the ground are somewhat general, it appears the basis for his contention that the plea was involuntary is based upon asserted pressure from his trial counsel to enter a plea of guilty and upon representations made through his attorney by an attorney for the mother of one of the victims that if the appellant would enter a plea of guilty and cooperate with her in the civil suit she would testify in his behalf for probation. Appellant contends this unfulfilled promise, although not made by the court or the state, invalidated his plea. We do not agree.

Appellant does not contend that he was not properly admonished by the court before his plea of guilty was accepted. The record of the plea proceedings is before us and reveals that appellant acknowledged he was pleading guilty because he was guilty "and for no other reason." He answered in the negative the question of whether he had "been forced, threatened, or coerced in any way into entering these pleas." Finally, the following question was asked of appellant: "Have you been offered or promised anything, outside of plea negotiations with the state, to get you to enter these pleas?" The appellant replied, "No sir."

We agree with the reasoning of the state that if the fact that a potential defense witness failed to cooperate with the accused in attempts to receive a probated sentence was sufficient to invalidate a plea, "every defendant who expected to call a witness to testify in his behalf at sentencing could claim his plea to be involuntary when the witness failed to appear or failed to testify as expected." No error is shown. *See Miles v. State,* 501 S.W.2d 91 (Tex. Crim.App.1973). Appellant's sixth ground is overruled.

The judgment is affirmed.