**Ex parte David Steven TROUT.**

**No. 10-86-126-CR.**

Court of Appeals of Texas, Waco.

Aug. 28, 1986.

Discretionary Review Refused Oct. 15, 1986.

Lynn W. Malone, McDonald, Harmon and Malone, Waco, for appellant.

Vic Feazell, Crim. Dist. Atty., Crawford Long, Asst. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Trout from denial of the relief sought in his writ of habeas corpus. Defendant is charged by indictment in the 54th Judicial District Court for the offense of involuntary manslaughter.

The record reveals the following evidence, which has been stipulated by the parties:

(1) That on December 6, 1984, in McLennan County, Texas, [Defendant] was the driver of an automobile which was involved in a single automobile accident involving a collision with an automobile operated by Jerome Broughton in which Thelma Broughton was a passenger;

(2) That as a result of said automobile accident Jerome Broughton and Thelma Broughton suffered injuries which caused their deaths;

(3) That on the same date [Defendant] was arrested and charged with involuntary manslaughter as a result of the collision and that he posted bond in the amount of five thousand dollars ($5,000.00) on December 7, 1984;

(4) That on December 13, 1984, [Defendant] was twice indicted by a McLennan County grand jury, the indictments being numbered 84-492-C and 84-493-C on the docket of the 54th District Court for McLennan County, Texas;

(5) That the indictment in cause number 84-492-C charged [Defendant] with the offense of involuntary manslaughter for the death of Jerome Broughton as a result of the December 6, 1984, automobile collision;

(6) That the indictment in cause number 84-493-C charged [Defendant] with the offense of involuntary manslaughter for the death of Thelma Broughton as a result of the December 6, 1984, automobile collision;

(7) That both indictments were based on the single automobile accident of December 6, 1984, involving [Defendant's] vehicle and the vehicle occupied by Jerome and Thelma Broughton;

(8) That on September 3, 1985, in said 54th District Court, the indictment in cause number 84-492-C was called for trial, a jury was selected, [Defendant], represented by counsel, entered a plea of "Not Guilty" and trial on the merits commenced;

(9) That during the trial of cause number 84–492–C all circumstances surrounding the offense alleged, including the accident, the injuries received by Jerome Broughton and Thelma Broughton and their resulting deaths were proved;

(10) That trial on said cause ran through September 9, 1985, at which time the jury found [Defendant] guilty and, on September 10, 1985, assessed his punishment at imprisonment for a term of seven and one-half (7½) years, recommending that imposition of sentence be suspended and that [Defendant] be placed on probation;

(11) That the Court accepted the jury's verdict and incorporated the same into its judgment dated October 7, 1985, in said cause number 84–492–C;

(12) That the judgment in cause number 84–492–C is a final judgment;

(13) That [Defendant] posted a new bond in connection with the capias issued on the indictment in cause number 84–492–C, and the bond he originally posted on December 7, 1984, was transferred to cause number 84–493–C, and remains undischarged at this time;

(14) That the Court has set said cause number 84–493–C for trial on June 16, 1986.

Defendant made application for a writ of habeas corpus on June 5, 1986, on grounds that the prosecution of this cause constituted a violation of the double jeopardy provisions of the United States and Texas Constitutions. The trial court denied Defendant's request.

Defendant raises one ground of error, alleging that the trial court erred in denying the relief requested by Defendant, specifically by not dismissing the indictment in the instant case.

Defendant was separately indicted and charged for two offenses of involuntary manslaughter, which arose out of the same incident. Defendant now claims that double jeopardy prohibits multiple punishments arising out of the same incident.

The applicable test was set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* 52 S.Ct. at 182; *Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex.Cr.App.1982).

In the instant case, additional facts are necessary to be proven to establish that involuntary manslaughter was committed against Thelma Broughton, since in the prior case it was only necessary to prove that involuntary manslaughter was committed against Jerome Broughton. There may be successive prosecutions against a defendant, without violating the rule against double jeopardy, for as many persons as are affected by his unlawful act, since there are as many separate and distinct offenses as there are persons against whom the defendant has committed his unlawful act. *Johnson v. State*, CA (San Antonio) no pet., 693 S.W.2d 707, 710–11 (Tex.App.1985); *Martinez v. State*, CA (Houston 1) no pet., 646 S.W.2d 483, 484–85 (Tex.App.1982).

Ground 1 is overruled.

AFFIRMED.